KINGS COUNTY.—HON. J. I. BERGEN, SURROGATE.—
April, 1885.

LYENDECKER *v.* EISEMANN.

*In the matter of the estate of* ADAM EISEMANN,
*deceased.*

"Where a man having a family" dies, leaving a widow, the appraisers are
authorized to set apart for her (1) the articles of personal property
specifically enumerated in 2 R. S., 83, § 9, as amended in 1874; (2) "and
also other household furniture which shall not exceed one hundred
and fifty dollars in value" (id. subd. 4) ; and (3) "necessary household
furniture, provisions or other personal property, in the discretion of
said appraisers, to the value of not exceeding one hundred and fifty
dollars" (L. 1842, ch. 157, § 2).

Where an executor or administrator has only received, and not paid out,
funds of the estate, he should be allowed therefor commissions at one
half the legal rate.

HEARING of objections to the account of Margaret
Eisemann, a superseded administratrix of the estate
of decedent, interposed by Margaret Lyendecker, her
successor.    The facts are stated in the opinion.

LORENZO LOVEJOY, *for the accounting party.*

A. SIMIS, JR., *for objector.*

THE SURROGATE.—The decedent, Adam Eisemann,
died on October 29th, 1884.    Letters of administra-
tion were granted to his widow, Margaret Eisemann,
on November 18th, 1884, and were revoked on
February 12th, 1885.    On February 27th, 1885, Mar-
garet Lyendecker was appointed in her stead.

It appears, from the inventory on file, that the
appraisers made an appraisement of the personal prop-
erty which the decedent left at the time of his death

amounting to $2229.70, and set apart the articles therein mentioned, to the widow, not exceeding in value $50, and $150 in cash. To this item the con-testant objects. I have examined the question, and find that, by chapter 157 of the Laws of 1842, the appraisers were authorized to set apart, for the use of the widow and family of the decedent, household furni-ture, provisions or other personal property, in the discretion of the appraisers, to the value of not exceed-ing $150, in addition to the articles specified in the Laws of 1824; that, subsequently, by an act passed in 1874 (ch. 470), the original act of 1824 was amended, and among other things subdivision 4 of § 1, as amended, provides that certain additional articles, and also other household furniture which shall not exceed $150, in value, shall not be deemed assets, but shall only be stated in the inventory with-out being appraised. This act of 1874 in nowise repeals the act of 1842, but both must be read and construed together.

I, therefore, think that, where a decedent leaves a widow or minor children, the appraisers are author-ized to set apart the articles specified in chapter 157 of the Laws of 1842, or the sum of $150, and, in addition, the articles specified in chapter 470 of the Laws of 1874, and household furniture to the value of not exceeding $150. In schedule C. of the account, the administratrix credits herself with having paid $50 appraisers' fees. That I think, under the cir-cumstances, should be reduced to $30. She testified that she had paid the appraisers' fees to her counsel, but the appraisers testified that they had never

received them.  In  the  same  schedule,  she  credits herself  with  $25,  counsel  fee.   Inasmuch  as  her administration  of  the  estate  had  been  conducted  so loosely  as  to  require  her  letters  to  be  revoked  within three  months  after  the  same  were  granted,  I  think the  sum  paid  by  her  to  her  counsel  should  be  disallowed.

On  the  day  of  her  appointment,  she  drew  from  the savings  bank,  in  which  the  funds  of  the  decedent were  deposited,  $2205,  and  gave  the  same  to  her attorneys.   It  was  not  required  for  the  use  of  the estate,  except  possibly  a  few  dollars  to  pay  for  disbursements.    I  think  she  should  be  charged  with interest  at  the  rate  of  four  per  cent.  upon  said amount,  from  the  time  of  its  withdrawal  from  the savings  bank  to  date—that  being  the  rate  of  interest the  same  would  have  earned  if  permitted  to  remain in  the  bank.

In  regard  to  the  compensation  claimed  by  the administratrix,  she  should  be  allowed  commissions  at one  half  the  legal  rate,  for  the  reason  that  she  has only  received  the  fund,  and  it  can  only  be  paid  out by  the  administratrix  subsequently  appointed  in  her stead.