## In re KOCH'S ESTATE.

### (Surrogate's Court, New York County. May 8, 1890.)

1. DESCENT AND DISTRIBUTION—RIGHTS OF WIDOW.

Laws N. Y. 1889, c. 406, § 1, (amending Rev. St. N. Y. pt. 2, c. 2, as amended by Laws 1830, c. 320,) providing that, if an "intestate" shall leave a widow and descendants, the widow, in addition to any interest she may be entitled to under the preceding sections of chapter 2, (which relate to the descent of real property,) shall be entitled to the use during her life of an additional portion of the estate, not exceeding in value $1,000, has no application where a person dies testate.

2. SAME—ALLOWANCE OF PERSONALTY.

Laws N. Y. 1889, c. 406, § 2, (amending Laws N. Y. 1842, c. 157, § 2,) provides, when a man dies, leaving a widow, there shall be set apart for the use of such widow necessary household furniture, provisions, or other personal property, to the value of not exceeding $150, in addition to the personal property now exempt from appraisal by said section; "and in case the interest of a widow in the real estate of a deceased husband, in addition to her dower right, and together with said $150, shall be of less value than $1,000," the appraisers shall set apart to her personal property which, together with the real estate, shall amount to $1,000. *Held,* that the widow is not entitled to the additional personal property to make the $1,000, except where her husband leaves real estate.

Application by the widow of William Koch, deceased, to have property belonging to the estate set apart to her.

*Peter Cook,* for petitioner.    *George Haas,* for the executor.

RANSOM, S. Application is made by the widow of decedent for a decree requiring the executor to set apart property, as prescribed by chapter 406, Laws 1889. The testator died, leaving no real estate or interest in real estate, and by his will bequeathed all his personal property to his wife, the petitioner herein, except a certain mortgage of $1,000, which was bequeathed to his infant son. By the inventory which has been duly made and filed it appears that the entire value of the personalty is about $1,200, including the mortgage above mentioned. It is claimed by the petitioner that, in addition to the property bequeathed to her, the executor should set apart other property to the value of $850. She evidently applies under section 1, c. 406, Laws 1889, but this section applies only to cases of intestacy. It amends chapter 2 of part 2 of the Revised Statutes, as amended by chapter 320 of the Laws of 1830, by making an additional section to said chapter, to be known as section 30, which is as follows: "If the intestate shall leave a widow and a descendant or descendants, then such widow, in addition to any interest to which she may be entitled under the preceding sections of said chapter two,[1] shall be entitled to the use, during her life, of an additional portion of the estate, not exceeding in value one thousand dollars; and, in case the intestate shall leave a widow

----

[1] The preceding sections relate to the descent of real property.

and no descendant or descendants, then the widow shall be entitled to the absolute ownership, in fee, of such additional portion of the estate."

I am of opinion that section 2 of the act of 1889, (*supra*,) which amends section 2, chapter 157 of the Laws of 1842, is applicable to this case. It is as follows: "Sec. 2. When a man having a family shall die, leaving a widow or minor child or children, there shall be inventoried by the appraisers, and set apart for the use of such widow and child or children, or for the use of such child or children, in the manner now prescribed by the ninth section of title third, chapter sixth, of part second of the Revised Statutes, necessary household furniture, provisions, or other personal property, in the discretion of said appraisers, to the value of not exceeding $150, in addition to the articles of personal property now exempt from appraisal by said section. And in case the interest of a widow in the real estate of a deceased husband, in addition to her dower right, and together with said one hundred and fifty dollars, shall be of less value than one thousand dollars, then said appraisers shall set apart for the use of such widow, or for the use of such widow or child and children, in the manner hereinbefore prescribed, personal property, which, together with said real estate, shall amount to one thousand dollars in value. Said appraisers are authorized to make an appraisal of the real estate to which the widow may be entitled, for the purposes of this section. The provisions of this section shall apply where a man dies intestate, as well as where he leaves a last will and testament." The Revised Statutes, (part 2, c. 6, tit. 3, art. 1, § 9,) as amended by Laws 1874, c. 470, provide that certain personal property enumerated in the section shall not be deemed assets of a man dying and leaving a widow or a minor child or children, but shall be included and stated in the inventory of the estate without being appraised. Under the Revised Statutes (before their amendment in 1874) and the act of 1842, it was settled that the appraisers must set apart property to the value of $150 in addition to the articles specified as exempt, (*Sheldon* v. *Bliss*, 8 N. Y. 31,) and the exemption of "household furniture which shall not exceed $150 in value," added to the Revised Statutes by the act of 1874, is in addition to that specified in the act of 1842. *In re Miller*, 1 Law Bul. 48; Redf. Sur. Pr. 425. The act of 1874 in no wise repeals the act of 1842, but both must be read and construed together. *In re Eisemann*, 3 Dem. Sur. 72. The amendment of section 2 of the Laws of 1842 by the act of 1889 relates to a case where the interest of a widow in the real estate of her deceased husband in addition to her dower right, and together with the $150, shall be of less value than $1,000; then the appraisers shall set apart personal property, which, together with said real estate, shall amount to $1,000 in value. I am of the opinion that this provision only applies where real estate is left; that it does not mean that, where a man dies leaving no real estate, the appraisers shall set apart personal property to the value of $1,000 in addition to those articles enumerated in the Revised Statutes, *supra*. In other words, where a man dies leaving personal property only, the law is in precisely the same condition it was before the act of 1889 was passed. By the inventory made and filed herein it appears that there is personal property which would come within the enumeration of articles exempted by the Revised Statutes, *supra*; this property, however, is bequeathed to the widow. Submit decree directing that the appraisers heretofore appointed shall inventory and set apart, for the use of the widow and minor child, necessary household furniture, provisions, or other personal property, in their discretion, to the value of not exceeding $150, in addition to the articles of personal property now exempt from appraisal by Revised Statutes, pt. 2, c. 6, tit. 3, § 9.