# Cases

# SECOND DEPARTMENT

AT

# GENERAL TERM.

## July, 1892.

---

In the Matter of the Appraisal of the Property of JACOB DURSCHEIDT, Deceased.

*Property set off to a widow under chapter* 157 *of* 1842 — *cash may be allowed where there is not sufficient furniture or other property.*

Section 2 of chapter 157 of the Laws of 1842, as amended, provides that the appraisers of the estate of a deceased person leaving a widow must set apart for her "necessary household furniture, provisions or other personal property," in the discretion of the appraisers, to the value of not exceeding one hundred and fifty dollars, in addition to the articles exempted from appraisal by the Revised Statutes. A testator left furniture of the value of fifty dollars only, which the appraisers set apart for the use of the widow under the Revised Statutes. He also left money from which the appraisers set apart, under said chapter 157 of the Laws of 1842, one hundred and fifty dollars.

*Held*, that the appraisers acted properly in so doing.

That there being no other household furniture or provisions than such as was set apart to the widow, it was proper to treat the cash as "personal property," and make the further allowance from it.

APPEAL by Anna Wolling, as executrix of Jacob Durscheidt, deceased, from so much of a decree of the Surrogate's Court of Kings county, filed in the office of said court on the 3d day of March, 1892, as directed her to pay to Sophia Durscheidt, widow of Jacob, $150 within five days, and denied a motion of the executrix to amend the inventory of the estate of said decedent.

The question presented by the appeal related to the right of the widow of a decedent to have certain property belonging to the estate set-off to her by the appraiser in making the inventory thereof.

*Fernando Solinger*, for executrix, appellant.

*Julius Klamke*, for Sophia Durscheidt, widow, respondent.

BARNARD, P. J.:

The testator left a very small estate, consisting of furniture of the value of fifty dollars and $614 cash. He left a widow. The appraisers set apart the furniture of deceased for the use of the widow, and also set apart for her $150 in cash, under chapter 157, Laws of 1842. The words of this act provide the exemption in favor of the widow to be "necessary household furniture, provisions or other personal property" of the value of not over $150. The Court of Appeals, in *Matter of Frazer* (92 N. Y., 239), held that when the husband gave all the household property to his wife, the $150 exemption could be given out of other personal property. The question is thus narrowed to this, whether money is personal property within the meaning of this statute. It has been so held by Surrogate's Court. (*Lyendecker* v. *Eisemann*, 3 Dem., 72.)

In general signification the bank-book was personal property. The law intended to give an exemption in addition to specific articles named, to this amount, $150, and it should be construed so as to carry out the benign intent of the legislature.

The order should be affirmed, with costs and disbursements.

CULLEN, J., concurred.

Order of surrogate affirmed, with costs and disbursements.