POLLY LAVINIA CRAWFORD, Appellant, *v.* EUGENE NASSOY,
Respondent.

DECEDENT'S ESTATE — WHEN TITLE TO A PORTION OF PROPERTY
VESTS ABSOLUTELY IN WIDOW — CODE CIV. PRO. § 2713 — NO OBLI-
GATION TO REDUCE IT TO POSSESSION THROUGH ADMINISTRATION IN
SURROGATE'S COURT. · The property of an intestate leaving no minor
children, to the extent and of the character specified and enumerated
in section 2713 of the Code of Civil Procedure, vests absolutely in the
widow, and the right of possession follows the legal title; if the admin-
ministrator fails to surrender her property she is not obliged to bring
him to account in a Surrogate's Court, and, when he has refused upon
demand to make an inventory as required by the statute and has
appropriated to his own use the property and money belonging to her,
she may maintain an action of conversion against him.

 *Crawford* v. *Nassoy*, 55 App. Div. 433, reversed.

(Argued December 16, 1902; decided January 6, 1903.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
December 24, 1900, affirming a judgment in favor of defend-
ant entered upon a dismissal of the complaint by the court on
trial at Special Term.

The nature of the action and·the facts, so far as material,
are stated in the opinion.

*Ernest F. Kruse* for appellant. When a husband dies the
widow is not compelled to wait three months until she can
compel an inventory before she is entitled to relieve her
immediate necessities from her husband's estate without sub-
jecting herself to a suit at the hands of the administrator;
but as to the specific articles enumerated in subdivisions 1, 2,
3 or 4 of section 2713 of the Code of Civil Procedure, she
is entitled to maintain an action of conversion without any
inventory being made. (*Fox* v. *Burns*, 12 Barb. 677; *Hyde*
v. *Stone*, 7 Wend. 354; *Vedder* v. *Saxton*, 46 Barb. 188.)
Pleadings are not to be construed strictly against the pleader,
and if thereunder plaintiff is entitled to give the evidence

necessary to sustain her cause of action demurrer will not lie. (*Coatsworth* v. *L. V. R. R. Co.*, 156 N. Y. 451; *Sage* v. *Culver*, 147 N. Y. 241; *R. O. Co.* v. *Culver*, 68 N. Y. Supp. 303; *Lorillard* v. *Clyde*, 86 N. Y. 384.) The complaint was sufficient. (*Matter of Williams*, 52 N. Y. Supp. 700; *Matter of Hembury*, 75 N. Y. Supp. 933.)

*George W. Wheeler* for respondent. The proper place for any legal onslaught by those interested in this estate is the Surrogate's Court of Erie county. (Code Civ. Pro. § 2472.) While the Supreme Court has concurrent jurisdiction with the Surrogate's Court, yet it will not exercise its power and supersede the jurisdiction of the Surrogate's Court in matters which are peculiarly within its cognizance unless some special circumstances are assigned and facts stated showing that full, complete and substantial justice cannot otherwise be done. (*Chipman* v. *Montgomery*, 63 N. Y. 221; *Barrowe* v. *Corbin*, 31 App. Div. 172; *Mathews* v. *Studley*, 17 App. Div. 303; *Hard* v. *Ashley*, 117 N. Y. 606; *Matter of Arkenburgh*, 11 App. Div. 193.) Irrespective of the rights of the appellant to the property in question, the respondent, as administrator, came into possession of the same lawfully. He, by virtue of his office, was entitled to the possession thereof. Any interest the appellant has is subject to his right of possession to inventory the same. (*Voelckner* v. *Hudson*, 1 Sandf. 215; *Fox* v. *Burns*, 12 Barb. 679; *Vedder* v. *Saxton*, 46 Barb. 188.)

O'BRIEN, J. The courts below have sustained a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The basis of the action is to be found in the provisions of § 2713 of the Code. That section enacts, among other things, that if a man having a family die leaving a widow but no minor children, then certain property specified and enumerated in the section shall belong to the widow. On the death of the husband the legal title to the property thus reserved for her and specified in the statute

vests in the widow. The statute declares that it shall not be deemed assets or appraised, though it must be included in the inventory. The object of including it in the inventory was to identify it as part of the property left by the deceased. An administrator has no title, possession or right of possession of property which the statute declares is not assets subject to appraisal, but belongs absolutely to the widow. This brief view of the substance of the statute will enable us to determine whether the complaint in this case states a cause of action.

All facts stated in the complaint are deemed to be admitted by the demurrer, and it is only necessary to see what these facts are. It is stated that on the 16th day of February, 1898, the plaintiff's husband died, leaving no minor children and no property except the sum of $110 cash in bank, a couple of watches, a little wearing apparel and household property not exceeding in value $40, and that the whole estate left by him did not exceed in value $150. It is alleged that the plaintiff became the sole owner thereof upon the death of her husband and became entitled to the possession. This last allegation may be deemed to be a statement of the law as found in the statute, but the statement that the deceased left property in all not exceeding one hundred and fifty dollars in value is an admitted fact. It is then alleged that the defendant, on the 24th of February, 1898, procured letters of administration to be issued to himself by the surrogate without the knowledge or consent of the plaintiff, the widow, and without any notice to her or waiver on her part; that the defendant then proceeded to draw the money from the bank and converted it to his own use and has refused to pay it over to the plaintiff or to deliver to her the other articles of property, although the plaintiff demanded payment to her of the money and delivery to her of the property before the commencement of the action. It is further alleged that the defendant has neglected and refused to make or file an inventory, although requested so to do and more than three months have elapsed since the alleged letters were issued to him, and

that whatever property or money came to his hands left by the plaintiff's husband has been disposed of and expended by the defendant.

On the face of the complaint it would seem to be plain that the defendant has converted to his own use money and property that belonged to the plaintiff. The legal title to the property certainly vested in some one upon the death of the intestate. No one can well contend that it vested in any one else but the widow, and the right of possession followed the legal title. The courts below, as we understand the opinions, hold nothing contrary to this view. The decision sustaining the demurrer seems to be based upon the proposition that the widow cannot reduce the property which the law gives to her to possession otherwise than through the regular course of administration. That is to say, that if the administrator does not choose to surrender her own property to her she must bring him to an account in the Surrogate's Court. It is difficult to see what the surrogate has to do with property which is not assets and which the statute declares belongs to the widow. There is no reason why she has not the same remedies to protect or recover her own property that any other owner has. Among the articles which the statute enumerates and gives to her absolutely is wearing apparel. It cannot be that when the law gave it to her it was ever intended that she could not reduce it to possession and enjoyment, except through administration in the Surrogate's Court, and what is true of that is equally true of all the other articles and property described in the statute. The defendant has not been sued for any act or default in his official capacity, but as a wrongdoer in appropriating to his own use the plaintiff's property. The facts appearing on the face of the complaint, admitted by the demurrer, sustain such an action. We cannot perceive that any of the numerous cases cited in the learned opinion below decide any principle contrary to what is here stated. They all hold, as we understand them, that the title to such property vests absolutely in the widow, and if the duty of the administrator to inventory the property confers

some right to possession for that purpose, such right cannot survive the taking of the inventory, and certainly can have no application to a case where, as in this case, the administrator has never made an inventory and refuses to make one, but has sold all the property without one.·

The order should be reversed, and the demurrer overruled, with costs in all courts to the plaintiff, with leave to the defendant to answer within twenty days upon payment of costs.

Parker, Ch. J., Gray, Bartlett and Haight, JJ., concur ; Cullen and Werner, JJ., absent.

Order reversed, etc.