---

(96 App. Div. 561.)

In re CAMPBELL'S ESTATE.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1904.)

1. ACCOUNTING—ACTION—LIMITATION.

An action for an accounting and to require an executor to set apart exempt property from the estate of decedent is an action on a liability created by statute, and if not brought within six years after the expiration of 18 months from the issuance of the letters testamentary, it is barred.

2. SAME—STATUTE—CONSTRUCTION.

Code Civ. Proc. § 2724, providing that the decree made on a judicial settlement of the account of an executor may award to a surviving husband,

wife, or child, the same relief which may be awarded in his or her favor on a petition presented as prescribed in this section, and that on the failure of an executor to set apart exempt property, the 'person aggrieved may present a petition to the Surrogate's Court, setting forth the failure and praying for a decree and asking the executor to set apart the property, is only for the benefit of the husband, wife or children of a decedent; and a contention in a proceeding by an executrix of a deceased husband to require an accounting and setting apart of the husband's exempt property from the estate of his deceased wife, that the proceeding is changed, by the statute, from a quasi legal action to an equitable proceeding, so that the 10-year statute of limitations applies instead of the six year statute. is untenable.

3. SAME—EXEMPT PROPERTY—WAIVER—EXECUTORS.

Where the husband waives his right to have exempt property set apart to him from the estate of his deceased wife by refusing tender thereof from her executor, his executrix is barred from making a claim to have such property set apart.

Appeal from Surrogate Court, Oneida County.

Petition in the Surrogate's Court by Mary E. Cooper, executrix of the Estate of Henry Campbell, deceased, against George R. Edgerton, executor of the estate of Elizabeth S. Campbell, deceased, for an accounting and setting apart of exempt property. From a decree for defendant, petitioner appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

George F. Dennison, for appellant.

Theodore Avery, for respondent.

STOVER, J. Letters testamentary upon the estate of said deceased were issued to George R. Edgerton on the 1st day of July, 1895. The deceased left, her surviving, a husband, Henry Campbell, who has since died, and one child, Minnie J. Raymer, of full age. During the lifetime of said Henry Campbell the executor tendered to him $150 in satisfaction of his claim to the statutory exemptions in the personal estate of his wife, Elizabeth S. Campbell, but the said Henry Campbell declined to receive said sum, stating that he did not want anything from the estate of his deceased wife. This proceeding for an accounting was instituted on the 12th day of September, 1903. Upon this accounting it was conceded that the said Henry Campbell died on the 15th day of March, 1901, leaving a last will and testament, and which had been duly probated, and of which Mary E. Cooper had been appointed executrix, and was at the time of such proceeding acting in that capacity. It was also conceded that no inventory of the estate of Elizabeth S. Campbell had been filed, and the exemptions under the statute had never been set off, that this proceeding was the first accounting that had taken place. The following receipt was also admitted:

"Floyd, N. Y., Oct. 29, 1901.

"Mary E. Cooper having this day delivered and turned over to me certain property heretofore in the possession of the late Henry Campbell, which I claim to be the owner of.

"[Signed]                                        Minnie J. Raymer."

Mary E. Cooper, executrix of Henry Campbell, asked for an order in this proceeding requiring the executor to set apart to her as such exec-

utrix the exempt property to which Henry Campbell, the surviving husband of Elizabeth S. Campbell, was entitled. The surrogate denied the application on the ground that the same was not made within 6 years after the expiration of 18 months after the issuance of letters testamentary upon the estate of Elizabeth S. Campbell.

We think this was a liability created by statute, and as such was governed by the six-year statute of limitations. But section 2724 of the Code of Civil Procedure provides, among other things:

"The decree, made on a judicial settlement of the account of an executor or administrator, may award to a surviving husband, wife, or child, the same relief which may be awarded in his or her favor, on a petition presented as prescribed in this section."

The same section provides that upon the failure of an executor or administrator to set apart exempt property the person aggrieved may present a petition to the Surrogate's Court, setting forth the failure, and praying for a decree, and asking the executor to set apart the property. The claim of the appellant is, first, that by reason of this provision the character of the proceeding is changed from that of a quasi legal action or proceeding to an equitable proceeding, and that the 10-year statute of limitation, applicable to equitable actions, governs, rather than the one governing legal proceedings. But we think that this is not the fair deduction to be drawn from the two provisions of the statute. A strict rendering of the statute would confine the application to the husband, wife, or child of the decedent. The provision is for their benefit, and not for the benefit of their estate. The property set apart was for the sole benefit of Henry Campbell. He had a right to waive the exemption, and decline to receive it, as he did. It may be that, had Henry Campbell survived, and within the six years had commenced proceedings to have the exempt property set apart, he might have been able to do so; but having failed, during his lifetime, to enforce such right, or to have reduced the property to possession, it may be well questioned whether any right survived on behalf of his executor, and the statute nowhere gives the executor the right to intervene upon an accounting, and have the property set apart for the benefit of the estate, but it is only for the benefit of the husband, wife, or children. And, even were it not so, were the petitioner here entitled to the benefit of the exemption under the statute, we think that his claim is subject to any and all defenses which may exist against it as fully as though he had brought an action at law. The statute, in giving him his remedy to compel the filing of an inventory, leaves him with a full legal remedy for the enforcement of his claim, and under well-known principles, without standing in a court of equity, or in any forum where the law should be administered under the rules of equity. We must assume that the Legislature intended that, if he had not foreclosed himself by any laches or other act or acts on his part, then he might, by an accounting, enforce his claim for exemption, it being assumed that in the ordinary administration of the surrogate's office the accounting would be had within six years, and thus an opportunity would be presented to him to enforce his claim. But, not having availed himself of this proceeding, he must come into the proceeding for an accounting subject to any defenses, either legal or equitable, that may

exist against it, and the statute of limitations is a complete bar. If the latter section of the Code had deprived him of his other remedy, so that he had no other means of enforcing his claim, then the claim that the proceeding was one of an equitable character might be maintained; but, so long as he had a complete legal remedy, viz., a direct proceeding before the surrogate to enforce his claim, there was no reason for equitable interference, nor could he avail himself of it. And again, if this proceeding is of an equitable nature, certainly it must be open to equitable defenses.. And as Henry Campbell, during his lifetime, had waived the provision for his benefit, and the statute is one in favor of the husband and minor child, the petitioner, as executor of the estate, has no standing in a court of equity; but equity would favor the disposition of the estate which would give to the child of Elizabeth and Henry Campbell the property, rather than one that would transfer it to strangers, or for the benefit of the estate of another. In any view of this case, the petitioner is not entitled to the property, and the decision of the surrogate was right.

Decree of Surrogate's Court affirmed, with costs.

McLENNAN, P. J., concurs.

SPRING, J. The executor states in his account that he tendered to the husband, Campbell, $150 in satisfaction of his claim to certain property of his deceased wife to which he was entitled by statute; that Campbell refused to take this money, saying that he did not desire any part of his wife's estate. The testatrix had died in 1895, and her husband, Campbell, died in April, 1901. About six months after that the executor delivered over to the daughter, Mrs. Raymer, all the property in his possession, including that to which Campbell would have been entitled. We think, under the circumstances, the refusal of Campbell to receive the money, accompanied with his declaration that he did not desire any of the property, was tantamount to a waiver of his right, and equivalent to saying to the executor that he might turn over all the property to his daughter, the beneficiary. There is no imputation of bad faith on the part of the executor, and he apparently relied upon the statement of Campbell, and this evidently was acquiesced in by the present claimant, because no suggestion was made of any right to this property until the judicial settlement in 1903. It may be, if the statute of limitations is not effective, that the petitioner may mainain an action against Mrs. Raymer, who has the possession of all the property, claiming to own it. Crawford v. Nassoy, 173 N. Y. 163, 65 N. E. 962. In any event, the executor ought not to be made to suffer.

The decree of the Surrogate's Court should be affirmed.

WILLIAMS and HISCOCK, JJ., concur.