1. EXECUTORS AND ADMINISTRATORS—WIDOW'S ALLOWANCE.

    Where the articles directed to be set apart by Code Civ. Proc. § 2713, for the use of the widow and children did not exist, the appraisers may set off an equivalent in money in lieu thereof.

2. SAME—FUNERAL EXPENSES.

    If there is not sufficient money in the hands of the personal representatives to pay the funeral expenses, after the appraisers have set off money equivalent to exempted articles to the widow, the money so set off is subject to the claim of the undertaker.

In the matter of the judicial settlement of the estate of William H. Berns, deceased. Decree rendered.

Clarence B. Smith, for administratrix.

Jacob I. Bergen, for Edwin Bayha.

Richard L. Sweezy, for Beakes Dairy Company.

CHURCH, S. The assets of the deceased realized the sum of a little over $400 in cash. The appraisers allotted to the widow $25 worth of furniture and $275 in cash in lieu of the property to which she is entitled under the provisions of section 2713 of the Code of Civil Procedure. The deceased left some large debts, and there is also an undertaker's bill of $221.30. Objection is made by the creditors to the cash allowance of $275 to the widow on the ground that there is no authority for same.

By the decision of the Appellate Division of this department in Matter of Williams, 31 App. Div. 617, 52 N. Y. Supp. 700, it was held that section 2713 was a remedial statute, which should be given a broad interpretation, and hence that, if there were no articles of the

precise nature described therein, a sum of money equivalent to their value could be allotted to the widow. On this subject several other decisions have also been rendered, viz., Matter of Perry, 38 Misc. Rep. 167, 77 N. Y. Supp. 271, Matter of Keough, 42 Misc. Rep. 387, 86 N. Y. Supp. 807, and a late case decided in this department, Matter of Libolt, 102 App. Div. 29, 92 N. Y. Supp. 175. The two cases in the Miscellaneous Reports are decisions by surrogates in other counties of this state; and the surrogates making them frankly state that they do not approve of the doctrine as laid down in Matter of Williams, and therefore decline to follow it, giving their reasons for so doing. While the decision of a judge in the first instance is entitled to all respect, and would ordinarily guide me in a similar case, yet, where the same subject has been passed upon by the Appellate Division in any department of this state, I feel constrained to follow the holding of the higher court.

It becomes necessary, however, to determine whether the later decision of the Appellate Division of this department, in the Matter of Libolt, shows an intention to repudiate the doctrine of the Williams Case. There is no doubt that the language of the learned Presiding Justice in the Libolt Case indicates that he did not approve of the reasoning in the Matter of Williams. The Libolt Case arose in a transfer tax proceeding upon the question of whether or not an allowance in cash in lieu of the articles enumerated in section 2713 was properly the subject of taxation; and the crux of the decision is that, as the transfer tax law did not make provision for the deduction from the taxable estate of those articles, their equivalent in value was not entitled to exemption either. If it was the intention of the Appellate Division to decide more than this, and to declare sweepingly that under no circumstances was a widow entitled to a money equivalent for the articles in question, the court would have said so; and it does not seem to me, therefore, that it is proper for a judge of a lower court to draw any such inference without a specific declaration to that effect. Accordingly, the widow herein is entitled to the allowance of the sum of $275 in cash in lieu of the exempted property granted to her by the provisions of the Code of Civil Procedure.

This disposition is sufficient to defeat the claims of the creditors of the deceased; but the claim for the undertaker's services upon the burial comes within a different category. By referring to section 2713 of the Code, it will be observed that it declares that the articles enumerated therein shall not be deemed assets of the estate, although they are to be set forth in the inventory. The object of this is to exempt such property from the claims of creditors, so that, even if the deceased be insolvent, some articles of personal use may be retained by the widow. This is in harmony with the provisions of the statute exempting from levy and sale under execution certain property of the judgment debtor. It has always been the policy of the law in this country, as derived from the common law of England, that the very first use to which the effects of a deceased person are to be applied is to insure a decent and proper burial for his remains. In furtherance of this obligation, by section 2729 of the Code, as amended, a summary remedy is given to any one who defrays the funeral expenses of a deceased

person, by which he can collect them from the estate; and, if the claim be reasonable and proper and fairly incurred, the only condition precedent to recovery is the establishment of the fact that the personal representative of the deceased has received moneys belonging to the estate.

The point at issue, therefore, is whether the money set apart for the use of the widow in lieu of the articles specified in the Code is to be exempted in the same manner as the articles are exempted from the payment of the undertaker's bill. In my judgment, no such exception exists, for several reasons: The theory underlying the exemption in favor of the widow is the same as that which establishes an exemption in favor of the judgment debtor, viz., that the amount which may be realized upon this class of articles for the benefit of the judgment creditor is naturally very slight, but the value which they possess for the debtor, in being suitable and useful for the purposes to which they are applied, is very great, and, therefore, that the harm which may come to the judgment creditor in depriving him of the right of levying on them does not equal the harm which would come to the judgment debtor—or to the widow—in depriving them of the use of the property in question. Again, the amendment to the Code giving this summary remedy to the undertaker in the collection of his bill was made subsequent to the decision of the court in the Matter of Williams; and the specific use in that section of the word "money" makes it evident that it was the intention of the Legislature to allow the bill to be paid if it could be shown that there was actual cash in the hands of the personal representatives of the deceased sufficient to meet it. Hence, the fact that "articles" are exempted under the provision of section 2713, and that the undertaker is to be paid if there is "money," as described in section 2729, clearly indicates that, if the widow's portion is made up from cash coming into the hands of the personal representatives of the deceased, it must first be applied to the payment of the funeral expenses.

The decree herein, therefore, should direct the administratrix to pay the bill of the undertaker, although the account as drafted is correct. Let decree be presented accordingly.

Decreed accordingly.