EXECUTORS AND ADMINISTRATORS (§ 53*)—CLAIM FOR FUNERAL EXPENSES—EXEMPTIONS.

Exemptions on the death of a married woman from her estate in favor of her husband, under Code Civ. Proc. § 2713, are no part of her estate in the hands of an administrator applicable to her funeral expenses.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 53;* Exemptions, Cent. Dig. § 34.]

Application for an order to require administrator of Carrie Baldwin, deceased, to pay a claim for funeral expenses. Application denied.

Edwin C. English (Egbert Shoemaker, of counsel), for petitioner. Charles H. Knipp, for administrator.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

M'cCANN, S. Carrie Baldwin, the decedent, was a resident of the city of Elmira, Chemung county, N. Y. Letters of administration were issued to her husband, Benjamin J. Baldwin. Appraisers were appointed and an inventory taken and filed in the surrogate's office November 27, 1909. By said inventory the appraisers have set aside specific articles to the husband under the various subdivisions of section 2713 of the Code of Civil Procedure. Under subdivision 5 of said section there was set aside to the husband $150 in cash. The general inventory of the estate, after setting aside such exemptions, shows assets of $66.90. The only asset of the estate aside from the specific articles set aside in the inventory was $216.90, the proceeds of a policy of insurance, payable to the estate. This proceeding was instituted by Matie A. Butler, who filed a petition asking for an order to show cause why the administrator should not be required to pay her claim for the funeral expenses of the decedent. The administrator appeared and filed an answer setting up various reasons why said claim should not be paid; but the principal objection offered by the administrator was that there was not sufficient money or other personal property of the estate applicable to the payment of claims to pay the said claim of the petitioner, or any part thereof.

The actual bill for funeral expenses was greater than the amount of the claim presented, but the claim was reduced to an amount which equals the total cash received by the administrator; and the claimant asks that the sum of $150, which was set aside in the inventory for the husband, together with the sum of $66.90 which is the total assets of the estate, aside from those set aside as exemptions, should be paid over to her in settlement of her claim. The administrator offered no evidence to question the amount, nor is the validity of the claim in any way questioned.

The petitioner insists that the funeral expenses should be paid first, before setting aside money to the husband as exemptions under section 2713. Numerous authorities are cited by the petitioner, which show that funeral expenses take priority over any and all debts and claims against a decedent, and are a charge upon her estate, etc.; but, inasmuch as that question is not at issue, the disposition of this case rests entirely upon the question as to whether or not funeral expenses have priority over cash exemptions set aside under subdivision 5 of section 2713 and also have such priority that the court can now decree that the amount set forth in the general inventory, to wit, $66.90, should be paid upon this claim. The only authority cited by the petitioner is Matter of Berns, 52 Misc. Rep. 426, 103 N. Y. Supp. 167, in which the surrogate of Kings county refers to various decisions in this state bearing upon the right to set aside cash in lieu of exemptions, and then decides that funeral expenses have priority over any cash which may be set aside by the appraisers. It would appear from the statement of facts in the Berns matter that there were $25 worth of furniture and $125 in cash set aside under subdivision 3 of section 2713, and $150 set aside under subdivision 5 of section 2713. I assume this to be the fact from the general statement of facts set forth in the first paragraph of the opinion; but, without discussing the question as to whether cash can be set aside in lieu of specific

articles under subdivision 3 of the section quoted, there can be no question that cash may be set aside to the extent of $150 under subdivision 5 of section 2713, and it is with such an exemption that the present case has to deal. The decision in Matter of Berns holds that the exemptions set aside to the widow were properly set aside under the Code of Civil Procedure, but that such property is first subject to the payment of funeral expenses. I cannot agree with the learned surrogate in the conclusion which he has arrived at in this decision. I believe that the amendment to section 2729 of the Code of Civil Procedure was intended only to provide a summary remedy for the payment of funeral expenses and was not intended to change the rights of claimants for such expenses. The Berns decision proceeds upon the theory that the amendment to the Code providing this summary remedy having been made subsequently to the decision of the court in the Matter of Williams, 31 App. Div. 617, 52 N. Y. Supp. 700, and such amendment, having included within it the specific use of the word "money," make it evident that it was the intent of the Legislature to allow the bill to be paid if it could be shown that there was actual cash in the hands of the personal representatives of the deceased sufficient to meet it. Without entering into a discussion as to whether or not the Matter of Williams decided, as the learned surrogate has concluded, I do not believe that the Legislature intended that such amendment should in any way have any effect upon the provisions of section 2713. It is said in Matter of Berns:

"If the claim be reasonable and properly and fairly incurred, the only condition precedent to recovery is the establishment of the fact that the personal representative of the deceased has received moneys belonging to the estate."

As a first answer to that proposition, I would claim that the representative of the deceased has not "received moneys belonging to the estate." The money set aside under subdivision 5 of section 2713 did not belong to the estate. Crawford v. Nassoy, 173 N. Y. 166, 65 N. E. 962.

A long line of cases in this state holds that such moneys are not moneys of the estate, and the language of section 2713 holds that such moneys are not to be treated as assets of the estate. I believe it is the duty of the personal representative of the deceased to pay over only such moneys as under section 2729 are "applicable thereto." An analysis of subdivision 3 of section 2729 shows in the first sentence that:

"Every executor or administrator shall pay out of the first moneys received the reasonable funeral expenses of decedent, and the same shall be preferred to all debts and claims against the deceased."

The language, "out of the first moneys received," has been construed in the Berns Case to include moneys set aside as exemptions; but the subsequent language of this same sentence, in stating the preference of claims for funeral expenses, limits such preference only as against "debts and claims against the deceased." It is subsequently stated in this same section that:

"If upon the return of such citation it shall appear that the executor or administrator has received moneys belonging to the estate which are appli-

cable to the payment of the claims for funeral expenses, the surrogate shall * * * make an order directing the payment * * * of such claim or such proportion thereof as the money in the hands of the executor or administrator applicable thereto may be sufficient to satisfy."

Subsequently, in this same section, it provides for a renewal of the application when it appears that the administrator "has received money belonging to the estate," and still later in the section a reference is made to "moneys in the hands of such executor or administrator applicable to the payment of his claim." I do not believe that the language of this section can be so construed as to mean that any moneys that may come into the hands of an executor or administrator shall be paid out by him for funeral expenses, but, on the other hand, that it means that only such moneys shall be paid out for such a claim as "are applicable to the payment of such a claim." I have construed such language to mean moneys which the executor or administrator shall have after the setting aside of the proper amounts as exemptions, and also after retaining in his hands a sufficient sum for the payment of the expenses of administration, as is provided by the last clause of section 2729.

The only moneys which have been received by the administrator, Baldwin, are the amount which has been set aside under said subdivision 5 of section 2713 and also $66.90 which are certainly no more than would be sufficient to pay the expenses of the administration of the estate. If the decision in the Matter of Berns is to be held as law, then a new rule of distribution has been established in this state. Formerly the money which an administrator received should be (1) applied to the payment of exemptions; (2) expenses of administration; (3) funeral expenses; and (4) other debts. Under the rule which would be established in the Berns Case, the order of distribution of assets would be (1) the payment of expenses of administration under the last clause of section 2729; (2) the payment of funeral expenses under such section; (3) the payment of exemptions under section 2713; and (4) the payment of the debts. I cannot believe that the Legislature intended any such radical change in the law. I appreciate fully the injustice in many cases and perhaps in this case of allowing the husband $150 in cash and permitting the funeral expenses to remain unpaid; but I do not believe that it is the province of this court to consider at length the question of injustice, in view of the specific language of the statute as I construe it.

It follows, therefore, that the application of the petitioner must be denied, and a decree may be entered accordingly.

Decreed accordingly.