PEOPLE ex rel. BROWN et al. v. PRENDERGAST, City Comptroller.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

EXECUTORS AND ADMINISTRATORS (§ 53*)—ASSETS—INDIGENT VETERANS—BURIAL—"PERSONAL PROPERTY."

　　Code Civ. Proc. § 2713, subd. 5, provides that necessary household furniture or other personal property, to a value not exceeding $150, shall remain in the possession of a widow while she lives with and provides for minor children, and shall not be deemed assets; Section 2514, subd. 13, declares that "personal property" signifies every kind of property which survives a decedent other than real property; General Construction Law (Consol. Laws 1909, c. 22) § 39, provides that the term "personal property includes chattels, money * * * and everything

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

except real property"; and Poor Law (Consol. Laws 1909, c. 42) §§ 84, 85, relating to burial of soldiers, etc., provides that counties shall inter any honorably discharged resident soldier. whether dying in a state institution or not, who does not leave sufficient means to defray his funeral expenses, but such expenses shall not exceed $50. Deceased, an honorably discharged veteran, died in a state home, leaving $54, and no other money or property. *Held*, in a proceeding against the comptroller to pay funeral expenses claimed by undertakers, that the money left was exempt, belonged to the widow, and was not assets out of which to pay funeral expenses, and hence that the county was liable.

[Ed. Note.—For other cases. see Executors and Administrators, Dec. Dig. § 53;* Exemptions, Cent. Dig. § 34.

For other definitions, see Words and Phrases, vol. 6, pp. 5346–5358, vol. 8, p. 7753.]

Appeal from Special Term, New York County.

Application, on the relation of Oliver S. Brown and another, for mandamus against William A. Prendergast, as Comptroller of the City of New York. From an order of Special Term, denying a motion for a peremptory writ of mandamus directing respondent to audit and allow a claim and to draw a warrant for the same, relators appeal. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Charles W. Brown, for appellants.

Archibald R. Watson, Corporation Counsel (Loyal Leale, of counsel, and Theodore Connoly and Arnold Charles Weil, on the brief), for respondent.

CLARKE, J. On April 21, 1911, Michael Smith, who was a resident of the city of New York and an honorably discharged veteran who had served in the military service of the United States, died at the New York State Women's Relief Corps Home, at Oxford, N. Y., being at the time an inmate of said home, leaving him surviving a widow and one adult child. Decedent had at the time of his death the sum of $54, which he had saved from his pension, and no other money or property. The relators are undertakers. They buried the decedent in the cemetery of the said home, and presented their bill for $50 for services in connection with the interment to the comptroller of the city of New York for payment. The comptroller refused to pay the same upon the expressed ground that:

"As the decedent left moneys sufficient to defray his funeral expenses, the claim is not a proper charge under section 84 of chapter 46 of the Laws of 1909, and the same has therefore been disallowed."

Relators thereupon instituted this proceeding to procure a peremptory writ of mandamus to compel the audit and payment, and, the Special Term having denied the application, appeal.

Section 84 of the poor law (Consol. Laws 1909, c. 42) entitled "Burial of Soldiers, Sailors or Marines," provides that:

"The board of supervisors in each of the counties shall designate some proper person or authority * * * who shall cause to be interred the body of any honorably discharged soldier, sailor or marine, who has served in the

military or naval service of the United States, * * * and who shall hereafter die without leaving sufficient means to defray his * * * funeral expenses, but such expenses shall in no case exceed fifty dollars. If the deceased has relatives or friends who desire to conduct the burial, but are unable or unwilling to pay the charge therefor, such sum shall be paid by the county treasurer, upon due proof of the claim, and of the death and burial of the soldier, sailor or marine * * * to the person so conducting such burial."

Section 85 provides for the audit and payment of the expenses of such burial by the board of supervisors, or other board or officer vested with like powers of the county of which such deceased soldier was a resident at the time of his death,

"provided, however, that in case such deceased soldier * * * shall be at the time of his death an inmate of any state institution, including state hospitals and soldiers' homes, or any institution supported by the state and supported at public expense therein, the expense of such burials and headstones shall be a charge upon the county of his legal residence."

As stated by the respondent, the sole question involved in this appeal is whether this sum of $54 vested in the widow by virtue of the provisions of section 2713 of the Code of Civil Procedure, or whether it was applicable to the payment of the funeral expenses of the deceased. Said section provides as follows:

"If a man having a family die, leaving a widow or minor child or children, the following articles shall not be deemed assets, but must be included and stated in the inventory of the estate without being appraised. * * * (5) Other necessary household furniture, provisions or other personal property in the discretion of the appraisers, to the value of not exceeding one hundred and fifty dollars. Such articles and property shall remain in the possession of the widow, if there be one, during the time she lives with and provides for such minor child or children. * * * If there be a widow and no minor child, all the articles and property in this section mentioned shall belong to the widow."

In my opinion, the sum of $54 left by decedent is exempt and belongs to the widow. It is no part of decedent's estate. It is not assets thereof out of which to pay expenses of administration, funeral debts or legacies. Money is included in the term "other personal property" in said subdivision 5 of section 2713.

Section 2514, subd. 13, of the Code of Civil Procedure provides that:

"The expression 'personal property' signifies every kind of property which survives a decedent, other than real property, as defined in this subdivision."

Section 39 of the General Construction Law (chapter 22, Consol. Laws 1909; chapter 27, Laws of 1909) provides:

"The term 'personal property' includes chattels, money * * * and everything, except real property, which may be the subject of ownership."

Subdivision 5 of section 2713 was originally a part of chapter 157 of the Laws of 1842, and was there expressed in the same language, and money was declared by the court to be personal property, within the meaning of that statute. Matter of Durscheidt, 65 Hun, 136, 19 N. Y. Supp. 973; Lyendeker v. Eiseman, 3 Dem. Sur. 72.

In Crawford v. Nassoy, 173 N. Y. 163, 65 N. E. 962, the court said:

"On the death of the husband, the legal title to the property thus reserved for her and specified in the statute vests in the widow. * * * An administrator has no title, possession, or right of possession of property which the statute declares is not assets subject to appraisal, but belongs absolutely to the widow."

In that case a demurrer had been interposed to a complaint in which was stated:

"Plaintiff's husband died, leaving no minor children and no property, except the sum of $110 cash in bank, a couple of watches, a little wearing apparel, and household property not exceeding in value $40, and that the whole estate left by him did not exceed in value $150."

The defendant had himself appointed administrator, drew the money from the bank, and converted it to his own use. The widow sued him. The court proceeded:

"On the face of the complaint it would seem to be plain that the defendant has converted to his own use money and property that belonged to the plaintiff. The legal title to the property certainly vested in some one upon the death of the intestate. No one can well contend that it vested in any one else but the widow, and the right of the possession followed the legal title. *. * * There is no reason why she has not the same remedies to protect or recover her own property that any other owner has. Among the articles which the statute enumerates and gives to her absolutely is wearing apparel. It cannot be that, when the law gave it to her, it was ever intended that she could not reduce it to possession and enjoyment, except through administration in the Surrogate's Court; and what is true of that is equally true of all the other articles and property described in the statute."

The applicability of the exempted property to the payment of funeral expenses has recently been discussed in the Matter of Baldwin, 67 Misc. Rep. 353, 124 N. Y. Supp. 859, and I think correctly disposed of under the authority of Crawford v. Nassoy, supra. The opinion of the learned Special Term in the matter at bar is as follows:

"Under section 2713 of the Code of Civil Procedure the estate of the deceased is not entitled to receive money left by him in lieu of articles specially designated and enumerated in such section."

The estate of the deceased is not receiving any money in lieu of said articles, or in any other fashion. The widow in her own right is vested with the $54, and it cannot be taken away from her for any purpose. I see no reason why this is not a proper county charge. This soldier did not die leaving sufficient means to defray his funeral expenses, because upon his death this money belonged to his widow.

As no other question is raised, and the facts are admitted, the order appealed from should be reversed, with $10 costs and disbursements to the appellants, and the motion granted, with $10 costs. All concur.