In the Matter of the Judicial Settlement of the Account of FREDERICK J. WHEELER, as Executor of CARRIE A. REYNOLDS, Deceased.

Surrogate's Court, Saratoga County, July 30, 1929.

*Edward S. Coons*, for the contestant, Clara Morrison.

*William Rooney*, for the petitioner.

TUCK, S. The petition for judicial settlement in addition to the usual prayer further prays for a construction of the last will and testament of Carrie A. Reynolds, upon the return of the citation with proof of service upon all the persons required by law to be cited.

Shuble Reynolds, as administrator of James Reynolds, now deceased, but formerly the surviving husband of Carrie A. Reynolds, deceased, appeared and made claim to the sum of $150 as the husband's exemption to which the husband was entitled under section 267 of the Surrogate's Court Act which had never been set off to him or to his estate.

The contestant takes issue with the claim of the administrator

of James Reynolds and has cited authorities, including *Matter of Campbell* (96 App. Div. 561). In that case the surviving husband waived his claim to the exemption and declined to receive it during his lifetime and after his death the claim was made by the representative of his estate. The claim by the representative was made more than six years after the time when it accrued.

The court in the *Campbell* matter has undoubtedly founded its determination in part upon the waiver and declination of the husband following which waiver and declination the executor delivered all the property to which the husband might be entitled to the testatrix's daughter and also, and largely, we believe, upon the ground that the Statute of Limitations applied to the claim and that the time within which to make and enforce the claim had expired.

The circumstances and facts in relation to the claim litigated in *Matter of Campbell* create an entirely different situation from that which exists in our present case, and the court is inclined, and does hold in the present case, that the principle laid down in *Matter of Warner* (53 App. Div. 565) applies here and that the representative of the estate of the deceased husband making a claim within the statutory period established by the Statute of Limitations is entitled to the benefit of the exemption and that the sum of $150 out of the estate of Carrie A. Reynolds should be paid over to the administrator of the estate of James Reynolds, deceased.

Upon the question of the construction of the decedent's will, witnesses were sworn and testimony taken concerning declarations made by the testatrix prior to and at the time of the drafting of the will and of the circumstances surrounding the drafting of the will and its execution.

The object of this proof is to disclose to the court the alleged intention of the testatrix to make Carrie Morrison, her niece, or in case of the death of Carrie Morrison prior to that of the testatrix, then to make Cora Belle Mabee, Carrie Morrison's daughter, the residuary legatee.

Where the language of a will discloses a latent ambiguity, established rules of construction which have from time to time been handed down by courts of this and other States, have established well-founded rules concerning the procedure to be followed and the quality of evidence to be received by the court in pursuance of its investigation as to what the intention of the testatrix was and to give effect to that intention, where possible, in order that the general scheme and purpose of the testatrix may be carried out.

The provisions of this will, substantially, are that after payment of debts and funeral expenses what may remain of testatrix's insurance and certificate of deposit should be used for her husband, if living, and if he is not living to be given to her niece, Carrie Morrison, etc. The proof established the fact that James Reynolds survived the testatrix. The proofs further establish the fact that this will was drawn for the testatrix by a person who had never before, except upon a single occasion, made a will.

While it is the province of the court to ascertain and determine the intention of the testatrix from the language of a will, the court has no jurisdiction to make a will for the decedent.

The testimony concerning the declarations of the testatrix at the time of, and prior to, the making of the will were received under objection and subject to a motion to strike out, upon which motion decision was reserved. It seems to the court that there is no latent ambiguity disclosed in the terms of this will, that the language of the will is sufficiently clear to disclose the intention of the testatrix, that the balance of her insurance and certificate of deposit should go to her husband if he survived, and that Carrie Morrison and her daughter, Cora Belle Mabee, could receive no property under this will except and in case of the death of James Reynolds prior to that of the testatrix.

The motion to strike out testimony concerning declarations of the testatrix in respect to her will is granted and the court finds and determines that it was the intention of Carrie A. Reynolds that the balance of her insurance and certificate of deposit become the property of James Reynolds and upon his death to his estate.

Decreed accordingly.