William J. Regah, S.
This is a judicial settlement proceeding in the above estate. The decedent’s will was probated in this court on November 22, 1954. At the time of probate Mary Voigt, the widow, signed a waiver towards the probate of the will. The executor having renounced, Mary Voigt also signed a renunciation of her rights to serve as administratrix e. t. a. Shortly after the probate of the will she disappeared and to this day her whereabouts cannot be ascertained.
In the proceeding the special guardian raises the question as to the right to have the widow’s exemption under section 200 of the Surrogate’s Court Act set aside along with any other funds found due her until such time as she might appear. “ 'Unquestionably, the underlying theory motivating the enactment [of section 200 of the Surrogate’s Court Act] was the award of the essential necessities for continuation of the family unit.” (Matter of Schoenfelder, 161 Misc. 654, 655.)
*808 It is obvious that a surviving spouse does not have to take the exemptions. There are instances when a surviving spouse is barred from taking the exemptions, or such exemptions may be waived or released in many ways, including an estoppel.
Very simply, Surrogate Bennett, in Matter of Lee (36 Misc 2d 799) said:
“In this proceeding the decedent’s widow has objected to the account’s failure to set apart certain assets as exemptions to which she claims to be entitled under section 200 of the Surrogate’s Court Act.
“ The failure of the respondent-widow to assert her rights within six years from the date of death of her husband is an effective bar to the enforcement of such rights (Matter of Campbell, 96 App. Div. 561; Matter of Driscoll, 12 Misc 2d 427; Matter of Goldman, 158 Misc. 497; Matter of Bettiga, 46 N. Y. S. 2d 159). Her objections are accordingly dismissed.”
As a practical matter, in this present case 39 creditors have been cited with total unpaid claims amounting to over $20,000. The net assets of the estate will be less than $10,000. Based on the account as filed by the petitioner, and upon a compromise arrangement by creditors who appeared, there will be some funds for distribution, of which the widow will be entitled to one half.
Under the circumstances of this case and in the interest of finally disposing of this estate after 10% years, the court holds that the claim by the special guardian on the widow’s behalf is disallowed and that the petitioner proceed to close the estate as soon as possible.