ALLOWANCE TO WIDOW—EXEMPTIONS.
    Where the articles mentioned in Code Civ. Proc. § 2713, subds. 1–4, as exempt, have not been set apart to the widow on the death of her husband, because the husband did not own such articles, the widow is not entitled to their value in money from his other assets.

In the matter of the estate of Wilson Perry, deceased. Motion that the widow of the deceased be paid in cash the value of certain articles to which he was entitled under the law for the reason that some of the articles enumerated in the law were not in existence.

D. D. Dickinson, for Harriet Perry, widow.

Charles Stevens, special guardian, for Bertha Perry and others, infants.

REYNOLDS, S. It is conceded that the widow received in articles enumerated in subdivision 4, § 2713, Code Civ. Proc., the value of only $22.95, for the reason that none other of the articles was in existence; that under subdivision 3 of said section she received

nothing, and that under subdivision 1 she did not receive the sewing machine, for the reason that no such article was owned by the deceased; and the attorney for the widow asks this court to order the administrator to pay to the widow in cash the value of these articles, and to substantiate his claim he cites In re Williams (Sup.) 52 N. Y. Supp. 700, and In re Hembury's Estate, 37 Misc. Rep. 454, 75 N. Y. Supp. 933. It is perfectly clear that both cases cited by the counsel for the widow are directly in point, and warrant his contention, if they are to be followed; but from a careful reading of section 2713, it seems clear to this court that it was not the intention of the legislature to give to the widow the value in money of any of the articles enumerated in this section, under subdivisions 1–4, and, unless the deceased owned those articles at the time of his death, the widow gets nothing under these subdivisions; for it will be observed that under subdivision 5 the express direction is given to the appraisers to set apart "other necessary household furniture, provision, or other personal property to the value not exceeding $150." Under that subdivision they have the right to set apart money for the widow's use and benefit, but under no other subdivision do we find that direction, "other personal property," which may include money. Under subdivision 1 all spinning wheels shall be set aside. If there are none, who is to say how many spinning wheels the widow should be paid for, and what their probable value would be, and by what system of proof are we to arrive at the value of the several and various articles enumerated in this section? It would seem that the legislature, in enacting this law, could not have been so blind as to the difficulties that would arise in proving the value of these articles. If it had intended that the widow should receive their cash equivalent, they would have fixed the amount under each subdivision of this section that the widow would receive if she did not take the articles enumerated. And again, following subdivision 5, the said section provides: "Such articles of property shall remain in the possession of the widow," referring to the articles contained in the various subdivisions in this section. I cannot follow the law as laid down in Re Williams (Sup.) 52 N. Y. Supp. 700, or In re Hembury's Estate. In the case of Baucus v. Stover, 24 Hun, 109, it was held "that the statute authorizing the setting apart of sheep and swine to the widow only applies where the deceased had such ownership at the time of his death as would permit of their delivery." This case was reversed on appeal, but on other grounds than here considered, and the question under consideration was not discussed by the appellate court, and is some authority for the conclusion here reached. Therefore the motion is denied.

Motion denied.