Where, on the death of a decedent, the articles exempted by Code Civ. Proc. § 2713, subds. 1–4, are not in existence, his widow will be allowed their value in money; and where she dies pending an accounting as an administrator of her husband the sum will be allowed her administratrix.

2. SAME—WAIVER.

A widow's right to an allowance is not waived because the inventory of her husband's estate, made by her as his administratrix, did not refer to her claim for the exempt articles.

In the matter of the accounting of Howard E. Hulse, as surviving administrator of Barnabas W. Hulse, deceased. Claim of administratrix of decedent for allowance in lieu of exempt articles on accounting. Application granted.

Geo. F. Stackpole, for surviving administrator.

Thos. J. Ritch, Jr., for claimant.

PETTY, S. The accountant and the widow of decedent were appointed administrators of his estate, and filed the statutory inventory. The sum of $150 was set off to the widow under Code Civ. Proc. § 2713, subd. 5. The administratrix of the estate of the widow now claims an allowance in lieu of the other provisions of said statute. Had the articles for which an allowance is now claimed existed at the decedent's death, the title thereto would have at once vested in the widow (Crawford v. Nassoy, 173 N. Y. 163, 65 N. E. 962); and, while there is no statutory warrant for an allowance when the articles do not exist, the policy of the law is to be humane, and even generous, toward widows, and to grant them allowances equal to the value of such articles. Matter of Williams, 31 App. Div. 617, 52 N. Y. Supp. 700; Matter of Hembury's Estate, 37 Misc. Rep. 454, 75 N. Y. Supp. 933. The object is to place the widow in the same position as if the articles were left by the husband. Consequently the right to an allowance may be said to be vested, and therefore pass to the administratrix of the widow as would the title to the articles themselves; otherwise the right given the widow on the accounting to demand an award in lieu of such articles would be nullified, if, as in this case, she died before the accounting could legally be held. The word "surviving" in the statute must be construed to mean surviving the husband, not as surviving the accounting on his estate. The objection that the claim for an allowance can be made only by the widow personally must therefore be overruled. Code Civ. Proc. § 2724; Matter of Warner, 53 App. Div. 565, 65 N. Y. Supp. 1022; Matter of Maack's Estate, 13 Misc. Rep. 368, 35 N. Y. Supp. 109.

The objection that the widow waived her rights by returning an inventory without mention of the set-off allowed by law must be also overruled, in the absence of proof that she intended such action to constitute a waiver. Experience has shown that widows are very rarely conversant with their rights in their husbands' estates, especially

under the statute in question; and it would not be justice, in my opinion, to cut off the widow or her estate from what is her legal right, unless it be clearly proved that by returning an inventory silent on this point she understood what she did, and intended it to be a waiver. The estate of the widow is therefore entitled to an allowance, which is fixed at the sum of $300. The estate being small, no costs are awarded.

Application granted; no costs.