(Surrogate's Court, Orleans County. November, 1903.)

**1. WIDOW'S ALLOWANCE—MONEY IN LIEU OF EXEMPTIONS.**
　　Code Civ. Proc. § 2713, exempts certain articles where a man dies leaving a widow or minor child or children. Subdivision 5 authorizes the appraiser to set aside other personal property of the value of $150, or $150 in money. Subdivision 3 provides for necessary provisions and fuel for the widow and children for 60 days. *Held* that, with such exceptions, section 2713 extends an exemption only to articles of which decedent died possessed, and does not entitle his widow to an equivalent in money.

In the matter of the estate of Morris T. Sprague. Application by widow for setting aside of cash for her benefit, in lieu of specific property exempt under statute. Granted.

SIMONDS, S. This is an application by the widow of the decedent, asking that the appraisers be directed to set aside equivalent in cash for her benefit, for all specific property exempt under the provisions of section 2713 of the Code, where such specific property does not exist, and was not possessed by the decedent at the time of his death. The appraisers also join in the request for a direction of the court in this matter. I therefore direct the following rules to be observed in this matter:

Under subdivisions 1 and 2 of section 2713, only the specific articles and property on hand at the time of the decedent's death shall be exempt. Under subdivision 3, the exemption shall apply only to the specific property on hand at the time of the decedent's death, except that, in the absence of necessary provisions and fuel for the widow and her family for 60 days after the death of the decedent, a sum of money sufficient to supply her and them with such necessary provisions and fuel shall be set aside therefor. Under subdivision 4, only the specific articles and property on hand at the time of the decedent's death shall be exempt. Under subdivision 5, it is a matter of course, clearly within the discretion of the appraisers, to set aside $150 in cash, or other personal property of such value, whichever they may determine.

I do not understand that there has been very much of disagreement among the authorities that subdivisions 1 and 2 intend that only such articles and property as are therein specified are to be set aside as exempt, and not the equivalent in cash of any such articles, in case there is an absence of them in the household of the decedent.

As to the construction of subdivision 3, I do not understand the court, in its opinion in Matter of Williams (Sup.) 52 N. Y. Supp. 700, as holding contrary to the views of the court in the case of Baucus v. Stover, 24 Hun, 109, where it was held that the value of ten sheep, with their fleeces, two swine, etc., could not be allowed to the widow where no sheep or swine were owned by the decedent; but the value of necessary provisions and fuel were very properly set aside for the widow and her family. It is just that it should be so,

because it is a well-known fact, and, no doubt, the Legislature was fully conversant with it, that it would be rare indeed to find a household where the husband had already supplied all the provisions and fuel necessary for his family for the succeeding 60 days; and I think that it may be fairly assumed that it intended, as the court has held in Re Williams, that, where such necessary provisions were not in store, their equivalent in cash should be ascertained by the appraisers, and set aside for the disposal of the widow and her family; but not so as to the particular articles or property specified therein.

As to subdivision 4, I am unable to agree with the learned surrogate of Kings county, who held in Matter of Hembury's Estate, 37 Misc. 454, 75 N. Y. Supp. 933, that, the deceased having left none of the particular articles of personal property specified in that section, the widow was entitled to $150 worth of the same. Under that subdivision, it is my opinion that the Legislature intended that only the specific property should be exempt, in case it was on hand at the time of the husband's death. Suppose that a man and his wife were boarding, and that that had been their mode of living during their married life; that they had no household furniture; they required none; their manner and style of living absolved them from procuring such property; and the husband dies, leaving the wife. Did the Legislature intend that the value in cash of a householder's outfit should be set aside for the widow's use? Did the Legislature intend that she should have anything more than what she, in her station of life, was accustomed to have while her husband was alive and provided for her? I think not. Apply the same principle to subdivision 3, allowing the appraisers to fix the value of ten sheep not then in existence; then what should be the value of the grade that they should set aside—store sheep, so called, that sell as a grade for $3 per head, or those as a grade that sell for $6 per head? One cow for $25, or one that sells for $100? Did the Legislature intend to leave such matters to mere guesswork by the appraisers?

For several other reasons that might be enumerated, I am led to the opinion that, with the exception of subdivision 5, where $150 may be set aside, and that provision of subdivision 3 for the supplying of the necessary provisions and fuel for the widow and her family for 60 days, as to all other property mentioned in that section the exemption is limited to such of the specific articles and property as the deceased person possessed at the time of his death. The appraisers of this estate may therefore govern themselves by the foregoing rules in the appraisal herein, in making the exemption for the widow and her family.

Decreed accordingly.