(102 App. Div. 29.)
### In re LIBOLT'S ESTATE.

(Supreme Court, Appellate Division, Second Department.   February 15, 1905.)

1. COLLATERAL INHERITANCE TAX—ASSESSMENT—EXEMPTIONS.

Code Civ. Proc. § 2713, subd. 3, provides that if a married woman dies, leaving a husband surviving, certain articles of personalty shall be set apart by the appraisers to him in the inventory, without being appraised. *Held*, that such section limited the allowance to articles actually in existence, so that on the death of a married woman, leaving her husband surviving, without the articles so specified, the husband was not entitled to have the value thereof deducted from the value of the estate, in determining the amount of the transfer tax to be levied thereon, as provided by Laws 1896, p. 795, c. 908.

Appeal from Order of Surrogate, Orange County.

Proceeding by David L. Conkling and another, as executors of the estate of Letty J. Libolt, deceased, and another, for the assessment of the collateral inheritance tax on decedent's estate. From an order of the Surrogate's Court fixing the tax, the Comptroller appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Henry W. Wiggins, for appellant.
George H. Decker, for respondents.

HIRSCHBERG, P. J. The learned surrogate has determined that the sum of $445 is to be deducted from the value of the actual assets of the estate, in arriving at the amount which is lawfully subject to a transfer tax. The theory upon which the deduction is made is that the husband of the testatrix would have been entitled to the exemptions enumerated in section 2713, subd. 3, of the Code of Civil Procedure, had his wife been possessed of the articles exempted, such as sheep, swine, a cow, etc., but, as the articles therein enumerated did not in fact exist, he was nevertheless entitled to receive their assumed cash value in lieu of them, and that accordingly such value is no part of the estate to be transferred under the will, or to be taxed under the provisions of the tax law (chapter 908, p. 795, Laws 1896). The determination is on the authority of Matter of Williams, 31 App. Div. 617, 52 N. Y. Supp. 700, wherein it is assumed that this court decided that where the estate of a decedent has not the specific articles mentioned in subdivision 3 of section 2713, supra, the court may properly make a money allowance equivalent to their value.

The exemptions allowed by the section in question are quite specific, with one or two exceptions; and it is plain, from the precise language employed, that the general intention is to limit the allowance to articles actually in existence. They are all articles of personal property, some of which are referred to as being in use by the family; and they are declared by the terms of the section not to be deemed assets of the estate, but are to be included in the inventory, unappraised, and to be "set apart" for the benefit of the widow or husband and minor child or children. There is nothing in the section tending to indicate in any

way an intention to exempt or set apart any articles which may not in fact exist, or to exempt an equivalent in money in lieu of such articles. It would have been easy to express such intention, had it existed, and to have provided some practical means for the determination of the value of the nonexistent articles. We therefore conclude that the order appealed from finds no support in the language of the statute. See Baucus v. Stover, 24 Hun, 109, and Matter of Keough's Estate, 42 Misc. Rep. 387, 86 N. Y. Supp. 807.

The Williams Case, supra, did not decide that the deduction allowed herein might lawfully be made. The reasoning of the opinion would probably justify such a conclusion, but none of the Associate Justices concurred in the opinion; their concurrence being expressly confined to the result. The case did not arise under the tax law. The only question presented was whether the widow was entitled to necessary provisions and fuel during the 60 days succeeding her husband's death—such provisions and fuel being exempted under subdivision 3 of section 2713, supra—in addition to 10 sheep, 1 cow, 2 swine, etc., an allowance for all of which articles has been made herein. In that case no provision whatever was made for the widow by the will, and her application to the surrogate for sustenance was made long after the 60 days had expired. As the appraisers had failed to set apart either provisions or fuel for her use, and the statutory period had elapsed, the court could only make her a reasonable allowance in money out of the estate as a substitute for the articles of which she had been unlawfully deprived, or as compensation for the redress of her undoubted grievance; and an affirmance of this result is the extent of the decision in this court. The question whether an allowance in money would have been proper at the time of quarantine, in the absence of provisions and fuel, was not before the court then, nor is it now, although such a question would obviously present different considerations from those which are suggested by this controversy. It is sufficient for the purpose of the present appeal that the tax law itself makes no provision for the deduction from the taxable estate of the value of articles which would have been exempted for the use of a wife or husband, had such articles existed, but which do not in fact exist, and that the case of Matter of Williams, supra, is not a controlling authority, beyond the facts which then engaged the attention of the court.

It follows that the order should be reversed and the appraisal modified accordingly; but, as the practice adopted by the learned surrogate has been, to a large extent, the rule in this department since the decision of the Williams Case, the reversal should be without costs. All concur, except HOOKER, J., not voting.