(48 Misc. Rep. 278)

## In re CAMPBELL'S ESTATE.

(Surrogate's Court, Cattaraugus County. September, 1905.)

1. EXECUTORS AND ADMINISTRATORS—ALLOWANCE TO WIDOW.

   Where, at the time of decedent's death leaving a widow and minor children, he did not have the articles enumerated in Code Civ. Proc. § 2713, subds. 1–4, to be set off to the widow and minors, there cannot be set off as exempt a sum of money equal to the value of such articles.

   [Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 670.]

2. SAME.

   Under Code Civ. Proc. § 2713, subd. 5, appraisers must set apart property to the amount of $150 to the widow and minor children of the decedent.

   [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Executors and Administrators, § 667.]

3. SAME—WAIVER BY WIDOW.

   Where, at the time of an appraisal, the widow was present and stated that she was satisfied with what had been set off to her, and desired the rest of the estate to be used to pay the debts of decedent, so that no claims would come against the real estate, the full title to which had become vested in her, and the appraisers acted on the suggestion, it was a waiver of the right of the widow to have certain property set apart, under Code Civ. Proc. § 2713, subd. 5.

   [Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 701.]

In the matter of the estate of William H. H. Campbell, deceased. Proceedings on judicial settlement of executor's account. Decree rendered.

Alex Wentworth, for executor.
R. R. Crowley, for widow.
M. V. Benson, special guardian.

DAVIE, S. The will of decedent was admitted to probate and letters testamentary issued thereon January 21, 1902. The provisions of the will follow the statute of descent and distribution; that is, the widow was given one-third of the personal property absolutely, after payment of debts, in addition to her dower interest in the real estate, and the residue was divided equally between decedent's five children, two of whom are minors. Decedent, at the time of his death, owned one tract of land individually, and he and his wife owned another tract by joint deed. The value of his personal estate was about $1,600.

The first question relates to the rights of the widow and minor children under the provisions of section 2713 of the Code. An inventory of the personal estate was made, in which all the articles enumerated in subdivisions 1, 2, 3, and 4, which decedent possessed, were duly set off to the widow and minors. It is now claimed that the value of such of the enumerated articles as decedent did not own should be ascertained and allowed to the widow and minors in money. This claim might properly be disallowed upon the ground of insufficient proof of value, yet the fundamental principle upon which the

claim is based is important and worthy of careful consideration. This question is not a novel one. It has on several occasions claimed the attention of the courts, but the conclusions reached are not in harmony. In Matter of Williams, 31 App. Div. 617, 52 N. Y. Supp. 700, the court says:

"The object of what are known as 'exemption statutes' is to prevent a family which has no other means of support from being thrown as paupers upon the community. Wilcox v. Hawley, 31 N. Y. 648. They demand at the hands of the court a liberal interpretation, so as to resolve all reasonably doubtful questions in favor of the beneficiary. Kapp v. Public Administrator, 2 Bradf. Sur. 259; Matter of Durscheidt's Estate (Sup.) 19 N. Y. Supp. 973. I find similar authority in a well-considered case (Strawn v Strawn, 53 Ill. 263, 274) where, in construing a similar, but more liberal, statute, the court said: 'It cannot be supposed that the Legislature when it used the words "necessary furniture" and "provisions for a year" designed to use the words in a rigid and unbending sense, to be construed in all cases without reference to the circumstances of the parties.'"

In Matter of Hembury's Estate, 37 Misc. Rep. 454, 75 N. Y. Supp. 933, and Matter of Hulse's Estate, 41 Misc. Rep. 307, 84 N. Y. Supp. 220, the Surrogate's Court has followed this authority. On the contrary, in Baucus v. Stover, 24 Hun, 109, where this question was directly in controversy the court says:

"It is further urged that the surrogate was in error in allowing to the widow the value of 10 sheep with their fleeces, $32.50, and 2 swine, $18.00, not set off to her by the appraisers on making the inventory. We are of the opinion that these allowances to the widow were improperly made. The testator had no sheep or swine at the time of his death from which such set-off then could be made. The statute contemplates such an ownership and possession of this property in the deceased, or his personal representatives. at the time of making up the inventory, as will permit their delivery over to the widow, at least potentially."

This case was subsequently reversed by the Court of Appeals on another point (89 N. Y. 1), without discussion of the proposition now under consideration.

In Crawford v. Nassoy, 173 N. Y. 163, 65 N. E. 962, the court says:

"The basis of the action is to be found in the provisions of section 2713 of the Code. That section enacts, among other things, that if a man having a family die leaving a widow, but no minor children, then certain property specified and enumerated in the section shall belong to the widow. On the death of the husband the legal title to the property thus reserved for her and specified in the statute vests in the widow. The statute declares that it shall not be deemed assets or appraised, though it must be included in the inventory. The object of including it in the inventory was to identify it as part of the property left by the deceased."

In Matter of Perry's Estate, 38 Misc. Rep. 167, 77 N. Y. Supp. 271, the Surrogate's Court declined to follow the conclusions reached in Matter of Williams and Matter of Hembury's Estate, above referred to, saying:

"It is perfectly clear that both cases cited by counsel for the widow are directly in point and warrant his contention if they are to be followed, but from a careful reading of section 2713, it seems clear to this court that it was not the intention of the Legislature to give to the widow the value in money of any of the articles enumerated in this section, under subdivisions 1, 2, 3, and 4, and unless the deceased owned these articles at the time of his death the widow gets nothing under these subdivisions."

The decision in Matter of Williams, supra, is predicated largely upon the humanitarian aspect of the situation rather than upon a logical and reasonable analysis of the statute. The legislative intent in the enactment of the various exemption statutes must be ascertained from the phraseology employed. While the solicitude for the protection of widows and minors which prompted the conclusions in the case referred to is in every way commendable, yet it should be remembered that these statutes are to some extent in derogation of the common law. They deplete the assets of the estate, and, in many cases, deprive creditors of the power to collect their claims. The relative equities of the case do not demand any strained or distorted interpretation of the statute. Was it the design of the Legislature, by the enactment of section 2713 of the Code, to give to the widow and minor children such of the enumerated articles as decedent owned at the time of his death, or was it the purpose in case he owned none or only part of such articles to provide the same or account therefor in money out of the general funds of the estate? Was it intended to preserve to the widow and minor children the use and enjoyment of such of these articles as the husband himself had provided, as he had deemed necessary and proper, such as the family had been accustomed to use, or was it designed, through the instrumentality of this act, to render the death of the decedent a source of profit to the widow and children by providing them with spinning wheels, weaving looms, sewing and knitting machines, sheep, swine, etc., which they would not otherwise have possessed?

Are the articles to be furnished in kind? Assume that those lacking are "all spinning wheels, weaving looms, one knitting machine and one sewing machine." How many spinning wheels and weaving looms are to be provided? Shall they be old or new, expensive or inexpensive? What style of knitting machine will meet the requirements of the statute so construed—one of early manufacture operated by hand, or a modern device propelled by steam or electric motor? How much of the funds of the estate shall be invested in a sewing machine? Shall such machine be a chain or lock stitch, a Singer or Wheeler & Wilson? If money equivalent to the value of such missing articles is to be set off, how is the amount to be determined? What possible legitimate measure of damages is presented? These are but a few of the difficulties presented when we attempt to follow the authority of Matter of Williams, supra. From a careful consideration of the matter I am of the opinion that no amount whatever should be allowed to the widow and minors on account of the fact that decedent did not possess, at the time of his death, certain of the articles specified.

The appraisers in making their inventory set off to the widow and minor children all of the household furniture which decedent owned. and which had not already been set off under the subdivisions above referred to, fixing the value thereof at $66. The widow and special guardian now insist that the difference between that sum and $150 should be set off in money and paid to the widow pursuant to the requirements of subdivision 5 of section 2713. This subdivision provides that among the articles to be set off are "other necessary house-

hold furniture, provisions or other personal property in the discretion of the appraisers to the value of not exceeding one hundred and fifty dollars." The provisions of this subdivision do not give the appraisers a discretion as to whether they will or will not set apart household furniture, provisions, or other personal property to the value of not exceeding $150. Their discretion extends solely to selecting the articles and determining the value thereof sufficient to make up the sum specified. Where the decedent had a family and his personal estate, not exempted by the former subdivisions of this section, exceeds the sum of $150, it is the duty of the appraisers to set apart furniture, provisions, or other personal property to the value of $150. If they omit this duty, the surrogate may require the representative of the estate to make good the deficiency. Dayton on Surrogates, 273; Sheldon v. Bliss, 8 N. Y. 31; Applegate v. Cameron, 2 Bradf. Sur. 121.

The widow was entitled to have the requirements of this subdivision fully complied with, but it is asserted on part of the executor that the widow waived her rights under this subdivision at the time of the making of the inventory, and that he has relied upon such waiver and consumed the entire personal estate in the payment of debts, and that the widow is estopped from asserting her rights under this subdivision for the first time on judicial settlement. The widow was present at the time of making the appraisal and assisted to some extent. The attorney for the executor was also present and fully explained to the appraisers, in the presence of the interested parties, what their duties were in regard to setting off the exempted articles. The probability of the personal estate being sufficient to pay the debts was then discussed to some extent, and in that connection the widow learned that the death of her husband vested her with full title to the lands which had been held by them jointly. She then stated in substance that she was satisfied with what she had and what had been set off to her. She did not wish to have any other personal property set apart for her, she preferred that it be used for the purpose of paying the debts, so that no claims would come against the real estate. The appraisers acted upon this suggestion. The executor disposed of the personal property, and used the proceeds in administering upon the estate. Moreover, the first item of the will of the decedent is as follows:

"I give to my beloved wife, Martha L. Campbell, one-third part of my personal estate, after the payment of my debts and her lawful dower interest in my real estate, in lieu of all other claims against my estate."

And it is further urged that under this provision, if the widow accepted the beneficial provisions of the will, she should be held to have renounced her right to any other portion of the estate than that specified in the item of the will quoted.

In view of all the circumstances, it should now be held that the widow has waived her rights under this subdivision, and that she is now estopped from asserting the same. Herm. Estop. § 331; Manufacturers' & Traders' Bank v. Hazard, 30 N. Y. 226; Wood v. Seely, 32 N. Y. 105; Blair v. Wait, 69 N. Y. 113; N. Y. Rubber Co. v. Rothery, 107 N. Y. 310, 14 N. E. 269, 1 Am. St. Rep. 822.

The minors have no interest in the determination of this question, as they are not vested with any interest absolute or contingent in any part of the property specified in subdivision 5. The subdivision provides that:

"Such articles and property shall remain in the possession of the widow during the time she lives with and provides for such minor child or children. If she ceases so to do she shall be allowed to retain as her own her wearing apparel, her ornaments and one bed, bedstead, and the bedding for the same and the property specified in subdivision five and the other articles so exempted shall then belong to such minor child or children."

The disposition of the other issues involved in this accounting sufficiently appear from the detailed findings of fact and conclusions of law herewith submitted.

Decreed accordingly.