required to exercise under the circumstances, and I think on the facts the judgment should not be disturbed.

I concur, however, in the granting of a new trial because of the errors in refusing to charge.

O'BRIEN, P. J., concurs.

---

(49 Misc. Rep. 405.)

### In re GRIFFITH'S ESTATE.

(Surrogate's Court, Rensselaer County. February, 1906.)

1. ADMINISTRATION—ACCOUNTING OF ADMINISTRATRIX—JUDGMENT IN FAVOR OF DECEDENT.

An administratrix of her husband's estate must be charged on the final settlement of her accounts with a judgment by confession rendered against her in the Supreme Court in favor of him.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 302.]

2. SAME—JURISDICTION OF SURROGATE'S COURT.

The Surrogate's Court cannot, on the judicial settlement of the account of an administratrix, set aside a judgment against her entered in the Supreme Court in favor of the decedent, on the ground that the judgment was confessed at the decedent's request and without consideration.

3. SAME—ABILITY OF ADMINISTRATRIX TO PAY.

On the judicial settlement of the account of an administratrix, the Surrogate's Court must charge against her a judgment in favor of the decedent, though she has no property with which to pay it.

4. SAME—STATUTORY PROVISION.

Code Civ. Proc. § 2714, requiring that an executor be charged with a debt due from him to the decedent as so much money in his hands, applies also to the administratrix.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 302.]

5. SAME—ALLOWANCE TO WIDOW FOR SUPPORT.

An allowance to a widow for provisions for 60 days after her husband's death should not be restricted to what she might consume personally, but should include what was necessary for her relatives who were members of the family, and remained in the family after the husband's death.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, §§ 661–666, 670.]

6. SAME.

Where decedent did not own the articles enumerated in Code Civ. Proc. § 2713, subd. 4, as exempt, no allowance should be made to the widow in lieu thereof.

7. SAME—WEARING APPAREL.

The wearing apparel and ornaments of a deceased husband will not be set off to the widow as exempt.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 670.]

In the matter of the judicial settlement of the estate of Charles R. Griffith, deceased.

Hayner & Ward, for petitioner.
Cornelius Hannan, for George B. Griffith, Frank Griffith, and Nicholas Clute.
John J. Mackrell, for Seth Morrison.
Louis M. Martin, for Mary Barker and others.
L. M. Martin, for Grace A. Taft.

HEATON, S.   Judicial settlement of the accounts of Effie J. Griffith, as administratrix of Charles R. Griffith, who died intestate May 10, 1901.   Contestants claim that the administratrix should be charged with the amount of a Supreme Court judgment against her and in favor of her husband, the intestate, as so much money in her hands to be applied to the payment of debts and for distribution.   Code, § 2714.   This judgment was obtained by confession dated July 9, 1897, and on May 24, 1900, was docketed in the Rensselaer county clerk's office.

The administratrix sets up three reasons why she should not be charged with the judgment:   First, that the judgment was confessed without consideration, at the suggestion of her husband, and is therefore invalid.   She desired to offer evidence upon this point, but such evidence was excluded on the ground that the validity of such judgment could not be tried in Surrogate's Court; the same being regular upon its face.   The jurisdiction of the court granting it is not attacked, and therefore the judgment is a judicial settlement of the rights of the parties within the issues involved at its date.   The Surrogate's Court cannot set such judgment aside, but is bound to give it full faith and credit. McNulty v. Hurd, 72 N. Y. 521; Matter of Browne, 35 Misc. Rep. 362, 71 N. Y. Supp. 1034.

The second objection urged is that the administratrix is financially unable to pay such judgment, and she asked to give evidence to show her inability to make such payment, which evidence was excluded.   The Code (section 2714) says that the executor must be charged with such a debt as so much money in his hands.   There is no provision that the Surrogate's Court can become a bankruptcy court, and determine to what extent an executor is solvent or insolvent.   It appears that this administratrix has neither inventoried this judgment, nor sought to enforce it against herself.   The regular way to determine whether or not a judgment is collectible is to issue execution upon it, and take such other proceedings as the law has provided.   This the creditors and persons interested have not yet had an opportunity to do; and, if this administratrix should be relieved from accounting for the money due upon this judgment, upon such testimony as might be produced in Surrogate's Court, the parties interested would be deprived of their legal rights.   The only method of preserving those rights is to charge the administratrix with the amount due upon this judgment in the decree of judicial settlement, which decree can then be docketed as a judgment in favor of all interested parties, upon which they can take such legal proceedings as will determine in a legal manner whether or not the judgment is collectible.   The duty of the surrogate to so charge the executor was distinctly laid down in Baucus v. Stover, 89 N. Y. 1.   It

said, however, in that case and in others, that the same results do not follow if the executor, when the collection of the judgment is sought to be enforced, can show, in the proper proceedings, that he is not and never has been able to pay the judgment. In Matter of Georgi, 81 N. Y. St. Rep. 105–107, 110, 47 N. Y. Supp. 1061, it was held that, where proceedings for the sale of real estate were instituted to pay debts which remained unpaid because of the failure of the administrator to pay his debt, the proceedings could be maintained, and the debt might be considered as uncollectible, the administrator being admittedly insolvent; and, in the case of Baucus v. Barr, 45 Hun, 582, it was held that the sureties of the executor had a good defense when they showed the total inability of the executor to pay. The case of Keegan v. Smith, 31 Misc. Rep. 651, 64 N. Y. Supp. 1117, illustrates the reason why the Surrogate's Court should not hear evidence in respect to the ability or inability of the administrator to pay, since a finding of fact in the Surrogate's Court might preclude the Supreme Court in proceedings to charge the sureties on the administrator's bond.

The administratrix urges, in the third place, that the provisions of the Code (section 2714) do not apply to an administrator, but to an executor only. Two of the cases already cited were cases of administration, and in Matter of Daggett, 1 Misc. Rep. 248, 22 N. Y. Supp. 911, it was distinctly held that the section did apply to administration; the surrogate saying that such a rule was as necessary in the one case as in the other to relieve the incongruity of requiring a personal representative to proceed against himself for the collection of a debt. Let the decree charge the administrator with the amount due upon the judgment.

The widow asks that there be allowed her on this accounting the sum of $180 for necessary provisions for 60 days after the death of her husband. No set-off was made to her in the inventory for such support, although the deceased was the owner of a grocery store, and groceries and provisions were inventoried as general assets and sold. The widow proves that she has purchased her own provisions with her own money at an expense of three dollars per day. The deceased had no children, but maintained a home, and for some time one or more of his wife's relatives had been members of his family, and they continued in the family after his death. It has been held that the widow does not waive her rights to a set-off when the appraisers fail to make it, and that it can be allowed to her upon the final accounting. Matter of Warner, 53 App. Div. 565, 65 N. Y. Supp. 1022. The amount allowed should not be restricted to what she might consume personally, for the law recognizes that at such a time the widow ought to have the companionship of relatives or friends. The allowance is granted.

The widow also asks for an allowance of $150, in lieu of the articles provided in subdivision 4 of section 2713, to be set off to her. The inventory made by her sets off, under subdivision 1 of section 2713, one parlor stove and one cook stove, and states that all the remainder of the furniture and household goods are owned by her, and therefore there were no articles described in subdivision 4 belonging to the de-

ceased. It is apparent then, that there were such articles in the house in use by the husband and wife, but that they were the individual property of the wife. The reason for the statute is found in the hardship which would result if, immediately upon the death of a husband, the contents of the home should pass to the representative, and the widow become homeless. The reason for the rule does not apply to this particular case, since the widow herself owns all the household goods; but she relies upon some decisions which seem to hold that, in such a case as this, she may have the money value of such articles. As such cases are clearly contrary to the plain reading of the statute, we must examine them. Matter of Shedd, 60 Hun, 367, 14 N. Y. Supp. 841, only decided the meaning of the word "family." Matter of Frazer, 92 N. Y. 239, only decided that the setting off of certain articles was proper, notwithstanding that all the household furniture had been given to the wife by the will. Matter of Durscheidt, 65 Hun, 136, 19 N. Y. Supp. 973, only decided that money was "other personal property" from which the $150 mentioned in subdivision 5 could be set off. Matter of Eikes, 2 Bradf. Sur. 259, only decided that the statute applied to the property of a nonresident. Matter of Williams, 31 App. Div. 617, 52 N. Y. Supp. 700, only decides that necessary fuel and provisions for 60 days may be furnished and set off in money; but language is used which implies that, if any of the articles specified in subdivision 3 were lacking, their value in money could be set off. Kelly v. Moor, 18 Abb. N. C. 468, only decided that the second lot of household furniture, of the value of $150, provided to be set off, might be allowed for in money, and the decision is in accordance with the present subdivision 5.

These cases do not sustain the claim of the widow, but there are some recent cases which do. One of them is Matter of Hembury, 37 Misc. Rep. 454, 75 N. Y. Supp. 933, where the surrogate of Kings county held that, where the deceased did not leave the articles specified in subdivision 4, the widow was entitled to $150 in money as the value thereof. He cited Matter of Williams, which, as we have seen, does not decide that precise question. Another case is Matter of Hulse, 41 Misc. Rep. 307, 84 N. Y. Supp. 220, where the surrogate of Suffolk county allowed a widow $300 as the value of the articles specified in subdivisions 1, 2, 3, and 4; $150 having been previously set off to her under subdivision 5. We are not told in the opinion the rule which the surrogate followed when he made his guess that articles of the nature of those described in subdivisions 1, 2, 3, and 4, and which the deceased did not own, were worth $300. Suppose the deceased did not have "family pictures," mentioned in subdivision 2, would the widow be allowed thousands of dollars, the reasonable cost of family pictures done in oil, or the few cents that the country tintype would cost? If a man did not own sheep at the time of his death, which might have occurred at the Waldorf Astoria, should not the widow be allowed $5,000 in lieu of 10 sheep, because a man of her husband's wealth might have owned sheep worth $500 each if he had owned any at all? It would seem that these and many other questions will arise if the courts

attempt to depart from the rule for appraisement of all estates alike laid down in section 2713, and that the plain reading of the section should not be set aside, and the surrogate be asked upon judicial settlement to make an advancement to the widow in lieu of articles which the deceased never owned, the value of which there is no possible way to prove.

Against these decisions we have Matter of Perry, 38 Misc. Rep. 167, 77 N. Y. Supp. 271, where the surrogate of Allegany county refused to order payment of money in lieu of the missing articles, and very pertinently said:

"If the Legislature had intended that the widow should receive their cash equivalent, it would have fixed the amount under such subdivision of this section that. the widow would receive if she did not take the articles enumerated."

Again, in Matter of Sprague, 41 Misc. Rep. 608, 85 N. Y. Supp. 303, the surrogate of Orleans county refused the application of the widow for a cash equivalent, and called attention to the impossibility of fairly fixing a value upon sheep or a cow that did not exist.

In the case of Baucus v. Stover, 24 Hun, 109, the surrogate had made a money allowance to the widow in place of ten sheep and two swine that the deceased did not possess, and the General Term of this department held that such allowance was improperly made, although the deceased had a half interest in such animals; the court saying:

"The statute contemplates such an ownership and possession of this property in the deceased or his personal representatives at the time of making up the inventory as will permit their delivery to the widow at least potentially. Here the testator had but a half interest in these animals. They could not be then delivered over to the widow even potentially, and therefore could not be set off to her."

This case was reversed (89 N. Y. 1), but the only question argued was an entirely different one.

While the courts should construe the law liberally in the interest of the widow, yet they should not attempt a construction not fairly within the language of the section. If the construction contended for by the widow should be adopted by the surrogates of the state, the personal opinion of each surrogate as to how much a widow should be allowed from the money of her deceased husband would prevail in place of the statute. In estates of $1,500 and under there would be no certainty that there would be any money with which to pay administration expenses or funeral expenses or debts after the surrogate had awarded to the widow a money set-off in lieu of any or all the enumerated articles. No administrator would dare pay out a dollar of the estate, even for funeral expenses, for he would not know how much the surrogate would fix on the final accounting as the allowance to the widow. In all small estates the greatest uncertainty would arise, while by strictly following the statute there would be absolute certainty and safety. The application is denied.

The widow also asks that the gold watch, valued at $20, and the light

overcoat, valued at $10, which were set off to her as part of the $150 allowed under subdivision 5, be now set off to her as wearing apparel and clothes of the family, under subdivision 4, and that she now be allowed $30 cash under subdivision 5 in place thereof. On the authority of Matter of Whiting, 19 Misc. Rep. 85, 43 N. Y. Supp. 969, it should be held that the widow is not entitled to the wearing apparel and ornaments of the husband under subdivision 4, and therefore such application is denied. The specific objections to various items of the account have been satisfactorily explained.

Two claims against the estate were rejected, and consents filed to have them tried upon the final settlement, and they have been so tried.

The claim of George Griffith, for services rendered and materials furnished in shingling the barn of the deceased, is satisfactorily proved, and is allowed.

The claim of Frank Griffith, for services in nursing his brother in his last illness, and for expenses of help in his own store during that time, is not satisfactorily proved, and is disallowed. .

Let a decree be prepared accordingly.

Decreed accordingly.