a dangerous proposition that a laborer may perchance voluntarily, and from choice, perform the duties of one or the other of the classes of employés whose compensation is greater than his without any appointment or designation to such position, continue to receive the wages of a laborer for the services rendered without protest or complaint, except to say that he thinks he should have more, and after he is discharged from the employment of the municipality recover from it the same compensation which he would have been entitled to receive had he been regularly appointed to such higher position, and that by accepting and receipting for the lesser compensation with full knowledge of all the facts he does not waive his right to recover the greater compensation. I think the proposition is not sound, that it is not founded in justice, and is not the law. If the plaintiff had for a week performed the duties of a superintendent of defendant's street department pursuant to an arrangement between him and such superintendent, with equal force could he claim that he was entitled to receive a superintendent's salary. A common laborer, who is hired to work for a city for $1.50 per day, cannot become foreman, inspector, or superintendent, and thus entitled to receive double or perhaps triple wages, simply by the performance of the duties of such position; but, in any event, where he settles and receipts each week or month for the services rendered, he cannot compel the payment of additional compensation.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except ROBSON, J., who dissents.

---

(118 App. Div. 515)

### In re GRIFFIN'S ESTATE.

(Supreme Court, Appellate Division, Third Department. March 13, 1907.)

ADMINISTRATORS—ALLOWANCE TO SURVIVING WIFE.

Code Civ. Proc. § 2713, subd. 4, provides that where a man dies leaving a widow surviving, certain articles of household furniture, not exceeding $150 in value, may be set aside to the widow by the appraisers and not be deemed assets of the estate. *Held* that, where there was not enough furniture to make up $150, the court had not power to set aside to the widow the balance in cows and other property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 670.]

Appeal from Order of Surrogate.

In the matter of the estate of Joseph H. Griffin. Appeal by a creditor from the order of the surrogate settling the accounts of the administrator. Reversed and remanded.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

W. J. Saunders, for appellant.
A. W. Shales (J. Frank Zoller, of counsel), for respondent.

JOHN M. KELLOGG, J. By the inventory the appraisers, in Schedule A, set off to the widow the specific items of personal property as directed by subdivisions 1 to 4 of section 2713 of the Code of

Civil Procedure. In Schedule B they set off to her the remaining household furniture, of the value of $28.40, and, not finding enough furniture to make up $150, added $137.60 of value in cows and other property. By Schedule C, under subdivision 5 of the section, they set off to her $150 of other property. The creditors, at the making of the inventory and upon the accounting, contended that the $137.60 in Schedule B was assets to be accounted for by the administrator and could not properly be set off for the widow. The surrogate held the appraisement proper and gave the administrator credit for the amount.

Subdivision 4 of the section, which directs the appraisers to set off other household furniture not exceeding $150 in value, is relied upon to sustain the action of the appraisers and the surrogate. The language of the statute is plain, and the most liberal construction of its provisions cannot bring cows and property of that class under the head of household furniture. Matter of Libolt, 102 App. Div. 29, 92 N. Y. Supp. 175; Baucus v. Stover, 24 Hun, 109. In the other schedules, the widow was allowed all the property provided for by the statute, and this $137.60 was assets, and should be administered as such.

The final order of the surrogate is therefore reversed, without costs, and the matter is remitted to that court for further action. All concur.