Much stress is laid by defendant's counsel upon Cronin v. Highland Street Railway Co., 144 Mass. 249, 10 N. E. 833, as supporting their contention. This case was decided in 1887, under an amendment to the statute which went into effect in 1878. Pub. St. 1882, c. 113, § 47. Prior to the amendment the statute provided, in substance, that a passenger on one line, paying his fare and receiving a commutation ticket, should be permitted to travel to any point on a connecting line without paying extra fare. The amendment referred to, however, provided that for a single fare a passenger was not entitled "to a passage over the same route on which the check was issued, or a route parallel thereto and between and including two common points." Obviously, under the amendment, a passenger would not be entitled to a transfer entitling him to travel in a reverse direction. This was the purpose of the amendment, and it was under the statute as amended that the decision relied upon was made. If section 104 of our own statute contained a similar provision, then the defendant might well contend that a passenger could not rightfully claim a transfer entitling him to travel in a reverse direction; but, so long as the statute remains in its present form, I am unable to see, for the reasons already given, why a passenger, desiring in good faith to make one continuous trip between two points on defendant's line, is not entitled to a transfer between those points, even though it involves traveling in a reverse direction.

I am unable, therefore, to concur in the prevailing opinion, and vote to affirm the determination of the Appellate Term.

SCOTT, J., concurs.

(119 App. Div. 757)

### In re HALLENBECK.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

1. ADMINISTRATORS—DEATH—ACCOUNTS—SETTLEMENT—COMMISSIONS.

Where, on the death of an administratrix, her accounts were settled by her executor, any commissions to which she was entitled should have been allowed to the accountant, and not as a claim against the administrator de bonis non.

2. SAME—INVENTORY—CORRECTION.

Where a portion of a mortgage was erroneously inventoried as belonging to a decedent's estate, the correction thereof in the account of the administrator de bonis non did not constitute proof of a claim against the estate, requiring the formalities incident to such proof.

3. SAME—CLAIMS—ADMISSION—LIMITATIONS.

A claim was presented to an administratrix and rejected. The administratrix died, and within one or two days after the appointment of an administrator de bonis non, and before the short statute of limitation had run, the administrator admitted the claim and promised claimant he would pay, and before his accounting did pay, the claim. Held, that the claim was not barred by the short statute of limitations in Code Civ. Proc. § 1822.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 789, 801.]

4. LIMITATION OF ACTIONS—SUSPENSION—PAYMENTS.

Two brothers executed a joint note to H., dated December 23, 1893. On April 1, 1901, one of the makers paid H. $25 interest at the request

of the other from the joint funds of both, and on the death of the latter the note was filed as a claim against his estate on January 29, 1903. *Held*, that the payment tolled the six-year statute of limitations, and that the note was not barred.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 633.]

5. ADMINISTRATORS—PERSONAL PROPERTY—ALLOWANCE TO WIDOW.

Articles of personal property, owned by decedent and his brother at the time of decedent's death, could not be set off to decedent's widow.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 681.]

Appeal from Surrogate's Court, Columbia County.

Judicial settlement of the accounts of Charles W. Hallenbeck, as administrator de bonis non of Peter A. Hallenbeck, deceased. From a surrogate's decree settling the account, Sarah E. Bruce, as administratrix with the will annexed of Margaret L. Hallenbeck, deceased, appeals. Affirmed.

The controversy arises over the judicial settlement of the accounts of the administrator de bonis non of the estate of Peter A. Hallenbeck, deceased. On his death the intestate left surviving his mother, Almina Hallenbeck, his brother, Charles W. Hallenbeck, and his widow, Margaret L. Hallenbeck, his only next of kin. Letters of administration on his estate were first issued to his widow, Margaret L. Hallenbeck. She died July 8, 1903, leaving the estate unadministered, and leaving a will appointing Jacob H. Smith as the executor thereof, which will was admitted to probate and letters testamentary issued to said Smith. Letters of administration de bonis non upon the estate of Peter A. Hallenbeck were on July 10, 1903, issued to his brother, Charles W. Hallenbeck, who caused an inventory of the estate to be filed. Included in that inventory was a mortgage for $3,500, given by Cornelius and Lydia Hallenbeck to Peter A. and Charles W. Hallenbeck, one-half of which, viz., $1,750, was included in the inventory as the property of the estate. On the accounting had by Jacob H. Smith, as executor of Margaret L. Hallenbeck, deceased, it was decided by the surrogate that her estate was chargeable with the sum of $486.10 of moneys which came into her hands as administratrix of said Peter A. Hallenbeck. This sum was afterwards reduced by a credit of an amount allowed for counsel fees rendered to her as such administratrix. On the presentation of the accounts of Charles W. Hallenbeck, as administrator de bonis non, Smith, as executor of Margaret L. Hallenbeck, filed objections thereto. Smith died in September, 1905, and Sarah E. Bruce, this appellant, was appointed as administratrix with the will annexed of said Margaret L. Hallenbeck, and substituted in his place as a party in this proceeding. Further facts are stated in the opinion.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

G. K. Daly, for appellant.
J. Royce Tilden, for respondent.

CHESTER, J. It is claimed that the surrogate erred in not allowing anything to the appellant for commissions of Margaret L. Hallenbeck, as administratrix of her husband's estate. The place where such commissions should have been allowed, if she were entitled to any, was on the accounting of Smith, as her executor, to ascertain the liability of her estate to that of her husband for her acts as administratrix. There is nothing here to show whether such commissions were there allowed or disallowed. It may be presumed that they

were there made the subject of adjudication one way or the other, for as a final result there was found to be quite' an amount due from her estate to that of her husband, which amount was there directed to be paid over to Charles W. Hallenbeck, as administrator de bonis non. The surrogate was therefore correct in allowing commissions in this matter to no one but the accounting party.

In the next place the decree is attacked because of the conclusion that Almina Hallenbeck, the mother of Peter and Charles, is the owner of $1,000 of the moneys secured to be paid by the mortgage specified in the inventory as having been given by Cornelius and Lydia Hallenbeck to Peter and Charles Hallenbeck. It appears that that mortgage was given by the mortgagors to secure the sum of $4,000, that $500 thereof had been paid, that at the time of the execution and delivery of such mortgage Almina Hallenbeck advanced to the mortgagors $1,000 of the moneys secured thereby, which amount never had been repaid, and that, when interest upon the mortgage was paid to Peter and Charles, the interest on this $1,000 was turned over to Almina. Notwithstanding these facts, the mortgage was erroneously inventoried, by stating that one-half thereof, amounting to $1,750, belonged to the estate of Peter. All that the surrogate's decree does is to correct the amount of this inventory, and the accounts based thereon, by showing that $1,250 of this mortgage only belonged to the estate of Peter. This was not in any sense the proof of a claim against an estate, so as to require the formalities incident to such proof, but was a holding that the mortgagors owed Almina $1,000, and the estate of Peter and Charles each $1,250; and on the facts found, which are practically undisputed, the conclusion the surrogate reached necessarily follows, and was correct.

Again the appellant claims that the surrogate erred in holding that a note of $5,000, made by Peter and Charles, dated December 23, 1893, and payable to Almina Hallenbeck, was a valid and existing joint obligation of Peter and Charles until its payment by Charles, that the same was not outlawed, and that upon its payment by Charles he became entitled to contribution from the estate of Peter for one-half of the amount so paid. It is insisted that this note is barred by the general statute of limitations (section 382, Code Civ. Proc.) and also by the short statute of limitations (section 1822, Code Civ. Proc.). It appears that Almina Hallenbeck presented a claim to Margaret L. Hallenbeck, as administratrix of Peter A. Hallenbeck, on said note, and that the claim was rejected by the administratrix on the 29th day of January, 1903. The administratrix died the following July, and Charles W. Hallenbeck was appointed in her place as administrator de bonis non. Within one or two days after his appointment, and before the short statute of limitations had run, Charles admitted the claim and made a promise to Almina that he would pay the note in question, and thereafter, and before his accounting, he did pay it. If he had not made this promise when he did, Almina would undoubtedly have brought a suit against the estate of Peter upon the note, so as to prevent the running of the statute of limitations. It is fair to presume that the promise which she had received from the administrator to pay

the note was relied upon by her, and prevented her from taking the necessary steps to prevent the statute from running as against her large claim. There appears to be no question about the genuineness of the note. She had a right to assume under such circumstances that the rejection by the deceased executor was either recalled or waived. Under these facts the surrogate was correct in holding that the short statute of limitations, imposed by section 1822 of the Code of Civil Procedure, had not run against the claim. It also appeared by entirely creditable evidence, and it is undisputed, that on the 1st day of April, 1901, Charles paid to Almina $25 interest on said note, and that the same was indorsed thereupon, and that such payment was made at the request of Peter and in his presence, and from the joint moneys of Peter and Charles; and the surrogate has so found on sufficient evidence. That being so, the note was not barred by the six-year statute of limitations.

The further claim is made by the appellant that the conclusion that certain articles of personal property were improperly set off as exempt articles to the widow of the deceased was wrong under the law. The proof is that these articles were jointly owned by Peter and Charles at the time of the death of Peter. In Baucus v. Stover, 24 Hun, 109, it was held that, where a testator had but a half interest in personal property, it could not be set apart to the widow, because it was not such an ownership and possession of property by the deceased or his personal representatives as would permit their delivery to the widow, and therefore they could not be set off to her. While that case was reversed on appeal, it was on other grounds than the one here stated.

The decree should be affirmed, with costs. All concur.