In re MEHN'S ESTATE.

(Surrogate's Court, Monroe County. May 12, 1910.)

1. EXECUTORS AND ADMINISTRATORS (§ 181*)—ALLOWANCES TO SURVIVING WIFE —PERSONAL PROPERTY.

Under Code Civ. Proc. § 2713, subds. 1–4, directing the setting off of property to the widow and minor children, the property mentioned cannot be set off unless in existence at decedent's death, and if decedent held a fractional interest in the property, such interest can be set off if the widow is willing to accept it, but under subdivision 5, providing for setting off other necessary household furniture, "provisions or other personal property" to the value of not exceeding $150, money on hand or deposited in a bank may be set off at the discretion of appraisers instead of household furniture.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 681–685; Dec. Dig. § 181.*]

———————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EXECUTORS AND ADMINISTRATORS (§ 176*)—ALLOWANCES TO SURVIVING WIFE
—QUARANTINE—MAINTENANCE.

Under Real Property Law (Consol. Laws, c. 50) § 204, giving a widow
the right to remain in the chief house of her husband 40 days after his
death without rent, and in the meantime to have her reasonable suste-
nance out of the estate, where a decedent left real property with a house
upon it, his widow to whom no provisions or fuel had been set aside by
the appraisers, is entitled to an allowance based upon her reasonable
board during her period of occupancy of the real property.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. § 666; Dec. Dig. § 176.*]

3. EXECUTORS AND ADMINISTRATORS (§ 178*)—ALLOWANCES TO SURVIVING WIFE
—QUARANTINE—MAINTENANCE—AMOUNT—"SUSTENANCE DURING QUARAN-
TINE."

"Sustenance during quarantine" covers no more than the supplies left
on the homestead during the widow's quarantine, or her reasonable board
during the same period, and does not embrace the widow's mourning out-
fit or any expenses to attend the funeral of her husband; and the rea-
sonableness of a sum to be allowed depends on the circumstances of the
particular case.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. § 667; Dec. Dig. § 178.*]

In the matter of the estate of Charles G. Mehn, deceased. In an
accounting before the Surrogate's Court, a claim was made in behalf
of the widow of deceased for her reasonable sustenance during quar-
antine. Claim allowed.

Edward C. Edelman, for claimant.

Smith, Degraff, Castleman & Mosher, for contestants.

BROWN, S. On this accounting the court is asked by the adminis-
trator to pass upon a claim of $30 made on her behalf as widow of the
deceased for her reasonable sustenance during her quarantine. This
allowance is objected to by the heirs at law of the said deceased. As
counsel for the contestants have cited authorities upon the construc-
tion of section 2713 of the Code of Civil Procedure in support of their
contention, I shall take up a short general consideration of the sub-
ject of exemptions and quarantine, with the intent and purpose of
showing the present ruling of this court on those subjects.

Under the first four subdivisions of section 2713 of the Code, rela-
tive to the setting off of property to the widow or husband and minor
children, this court has held, and still holds, that property mentioned
in those subdivisions to be set off to said widow, husband, or minor
children cannot be set off unless they are in existence at the time of
the death of the decedent. In other words, if the articles, which if
in existence, could be set off, are not in existence, the money value
thereof or an arbitrary sum of money cannot be set off as an exemp-
tion in lieu thereof. Matter of Libolt, 102 App. Div. 29, 92 N. Y.
Supp. 175; Matter of Griffith, 49 Misc. Rep. 405, 100 N. Y. Supp.
215; Matter of Keough, 42 Misc. Rep. 387, 86 N. Y. Supp. 807;
Baucus v. Stover, 24 Hun, 109; Matter of Sprague, 41 Misc. Rep.
608, 85 N. Y. Supp. 303; Matter of Perry, 38 Misc. Rep. 167, 77 N.
Y. Supp. 271; Matter of Campbell, 48 Misc. Rep. 278, 96 N. Y. Supp.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

768; Matter of Baird, 126 App. Div. 439, 110 N. Y. Supp. 708; Crawford v. Nassoy, 173 N. Y. 163, 65 N. E. 962.

Under subdivision 5 of said section 2713, however, it is provided that household furniture or other personal property may be set off, and accordingly money on hand or on deposit in bank may be set off, in the discretion of the appraisers, instead of household furniture. In other words, money can be set apart under that subdivision of that section. This court has held heretofore, in the Matter of Delos L. Polley, following the decision of Baucus v. Stover, supra, that where the interest of deceased was not an entire interest, that that fractional part or interest of decedent in the property in question could not be set off; but in the Matter of Hallenbeck, 195 N. Y. 143, 88 N. E. 16, modifying 119 App. Div. 757, 104 N. Y. Supp. 568, the Court of Appeals held that the construction put upon the law in Baucus v. Stover was too narrow, and held that, where the deceased did not have enough property to satisfy the statute, the widow might insist upon having the interest of the deceased in property clearly falling within the exempt class set off to her. In conformity to said ruling I now hold that the fractional interest of a decedent in such articles which, if owned entirely by the decedent, could be set off as an exemption under subdivisions 1, 2, 3, and 4 of said section, can be set off to the widow as a part of her exemptions, provided she is willing to accept such interest.

We now come to the question of sustenance to the widow, or, in other words, the widow's quarantine. The widow's quarantine is reserved to her by virtue of section 204 of the Real Property Law (chapter 50 of the Consolidated Laws), which reads as follows:

"Sec. 204. Widow's Quarantine. A widow may remain in the chief house of her husband forty days after his death, whether her dower is sooner assigned to her or not, without being liable to any rent for the same, and in the meantime she may have her reasonable sustenance out of the estate of her husband."

Now, section 2713 of the Code and this section 204 of the Real Property Law are two different and distinct rights. While every widow is entitled to have the exemptions as above construed set off to her under section 2713, it is only the widow of a deceased who left real estate in which the widow had a dower interest that is entitled to the provisions of section 204 of the Real Property Law, but when the deceased leaves a widow and real estate in which the widow has a dower interest then she has the right to live in the chief house of her husband for 40 days without paying rent, and also entitled to her sustenance, and that sustenance she is entitled to whether the provisions are in the house or not. If they are and they have not been set off to her for her use and the use of the minor children under section 2713, she is entitled to use those provisions and supplies, or such provisions and supplies as there may be on hand, for her sustenance, and if there are none left for her, then she is entitled to a reasonable board during the period of her quarantine. Estate of Miller, March, 1879, Surrogate Calvin, 1 Law Bulletin, p. 48.

I am of the opinion that the cases which support my ruling relative to the setting off of exemptions are not applicable in determining the

allowance of the widow's sustenance during her quarantine, and in this I am supported by Surrogate Ostrander, of Saratoga county, in Re Stiles, 64 Misc. Rep. 658, 120 N. Y. Supp. 714. The same result is reached by Surrogate Davie in the Matter of Wachter, 16 Misc. Rep. 137, 38 N. Y. Supp. 941.

I accordingly hold that a widow whose husband died leaving real estate, in which she is entitled to dower, is entitled to occupy the chief house of her husband for 40 days after his death, and to have her sustenance furnished out of his estate, either in specific articles of sustenance taken from his stores or by a moneyed allowance based upon her reasonable board during such period. It will sometimes happen that this sustenance allowance will duplicate the provisions set apart for the widow and minor children under section 2713 of the Code, and there are instances where this sustenance has been disallowed, where it appears that the widow has been otherwise amply provided for. Peck v. Sherwood, 56 N. Y. 615.

The reasonableness of the sum to be allowed for sustenance is to be determined in the light of all the circumstances of the particular case. Allowance may be more or less, as the case may seem to require, or none at all, if it appears that, all things considered, none ought to be made, but the discretion is a legal discretion, and is subject to review on appeal. Redfield's Law and Practice (7th Ed.) § 561. Sustenance under the widow's quarantine only covers the use of supplies left on hand in the homestead during her quarantine, or her reasonable board during the same period, and does not embrace the widow's mourning outfit, or any expenses to attend the funeral of her husband. Same section, Redfield. Based on the authority of Calvin, Surrogate, in the Estate of Miller, 1 Law Bulletin, p. 48.

In the case before us it appears that the decedent left real estate with a home on it; that the appraisers appointed to make an inventory of the estate did not set aside for the benefit of the widow any provisions and fuel, as provided by section 2713, subd. 3, of the Code of Civil Procedure, and that they have not set aside, and have not attempted to set aside, any cash allowance as an equivalent for such provisions and fuel. The inventory filed herein shows this. I accordingly find that the widow is entitled to the sum of $30 for her sustenance during her quarantine, to be allowed her out of cash in her hands as administrator. Let such proviso be included in the decree to be entered herein, without costs to either party as against the other.