Maximilian- Moss, S.
Testator’s widow seeks an order directing the executors to set aside the amount of $1,000 in personal property as exempt property pursuant to subdivision 4 of section 200 of the Surrogate’s Court Act. The executors contend that under paragraph “ Second” of testator’s will petitioner received all of testator’s household effects, an automobile and jewelry; that petitioner sold decedent’s automobile and received over $1,000 for same, and that petitioner is not entitled to any other property under subdivision 4 of section 200 of the act. It is further alleged that the only personalty in the estate were the articles which were given to petitioner.
The tax schedule filed by respondents shows that in addition to real property, decedent died possessed of cash in banks and safe-deposit box, shares of stocks and miscellaneous personal property valued at over $44,000. By his will testator made cash bequests to several beneficiaries aggregating over $10,000.
The fact that testator bequeathed to his widow the articles mentioned under subdivisions 1, 2 and 3 of section 200 of the Surrogate’s Court Act cannot be made a device for divesting her of the exemption allowed under subdivision 4 of the section (Matter of Driscoll, 12 Misc 2d 427, 429). Her acceptance of the articles does not constitute an election, waiver, release or consent to forego her right to have her exemption set off to her. Bequests made to a widow are not, therefore, a bar to the setoff of money or other personal property under said subdivision of the act. The act is remedial and must be liberally construed (Matter of Levine, 157 Misc. 454). The exempt property vested in the surviving spouse immediately upon decedent’s death (Matter of Sprague, 41 Misc. 608; Matter of Di Prato, 15 Misc 2d 571; Matter of Curley, 160 Misc. 844).
The court holds that petitioner is entitled to the sum of $1,000 as money set off to a widow pursuant to subdivision 4 of section 200 of the Surrogate’s Court Act. The executors will be directed to set off so much in cash as decedent dies seized of. Any deficiency will be made up by transferring to the widow shares of stock owned by decedent equal in value to the difference (Matter of Day, 150 Misc. 691; Matter of Rosenblum, 132 N. Y. S. 2d 604).